# Fox *v.* Cahorowsky, Appellant.

*Negligence—Automobiles—Liability of mother for act of son.*
If an automobile belongs to a mother, and is used by her minor son with her permission in part for the improvement of his health, and in the ordinary course of the life of the family, the mother will be liable for an injury caused by the negligent act of the son in operating the machine.

Argued Nov. 21, 1916. Appeal, No. 203, Oct. T., 1916, by defendant, from judgment of C. P. Delaware Co., June T., 1915, No. 80, on verdict for plaintiff in case of Charles B. Fox, by his father and next friend William J. Fox, and the said William J. Fox in his own right v. Mary Cahorowsky. Before ORLADY, P. J., PORTER, HENDERSON, HEAD, KEPHART, TREXLER and WILLIAMS, JJ. Affirmed.

Trespass to recover damages for personal injuries. Before JOHNSON, P. J.

The case turned on whether the defendant was liable for the negligent act of her son. The facts appear by the opinion of the Superior Court.

Verdict and judgment for plaintiff, Charles B. Fox, for $500, and for William J. Fox for $100. Defendant appealed.

*Error assigned* was in refusing defendant's motion for judgment n. o. v.

*John E. McDonough,* for appellant.—Even if the rights and liabilities of a mother for the conduct of her son, a minor, as her agent, were the same as the liabilities of a father and even if the father had been sued in this case, the facts proven by the plaintiff would not enable him to recover: Sheel v. Shaw, 252 Pa. 451.

*J. DeHaven Ledward,* with him *Joseph H. Hinkson,* for appellees.—The defendant was liable: Raub v. Donn, 254 Pa. 203; Moon v. Matthews, 227 Pa. 488; Hazzard v. Carstairs, 244 Pa. 122; Kurtz v. Tourison, 241 Pa. 425; Graham v. Henderson, 254 Pa. 137.

OPINION BY HENDERSON, J., March 16, 1917:

The only question raised by the assignment of error is whether there was evidence sufficient to support the plaintiffs' allegation that the defendant was responsible for the act of her son who caused the injury by the careless management of the automobile. The circumstances of the accident and the negligence of the driver of the car are not now controverted. A careful examination of the evidence satisfies us as it did the learned judge of the court below that there was evidence from which the jury might have found that the defendant was the owner of the car; that she bought it for the comfort and improvement of the health of her minor son who lived with her and that it was in part at least used for the convenience of members of the family. If no evidence had been introduced for the defense we think the testimony would have established a prima facie case. It is not of the strongest character but its weight was for the jury rather than the court. Stanley Cahorowsky drove the car. He was about nineteen years of age and lived with his mother. It was shown that he had been at work in a factory; that his health was delicate and that his mother thought it would be better for him to be less closely confined and the car was bought by her for that reason. On the morning of the accident he was taking Hattie Lipsky and some other persons to their place of work. Hattie Lipsky was a foster child of the defendant and lived with her as a member of the family and was so treated by the defendant and Stanley Cahorowsky. In taking her to the place where she worked it may be fairly presumed he was so doing because of the family relation existing and was acting as well for his mother

as for himself and the young woman. This evidence and the inferences which the jury might draw therefrom bring the case within the principle stated in Moon v. Matthews, 227 Pa. 488, and Raub v. Donn, 254 Pa. 203. There is no reason for doubting that the car was used by the defendant's son with her express authority if she owned the car. Whether she did or not was a question for the jury under the evidence. The jury was not bound to credit the testimony of the defendant and her son under the circumstances and the verdict shows that their evidence was not credited. If the car belonged to the plaintiff and was used by her son with her permission in part for the improvement of his health and in the ordinary course of the life of the family the defendant would be liable under the authorities in this and other states. We are not convinced that the court erred in refusing to enter judgment for the defendant non obstante veredicto.

The judgment is therefore affirmed.