## Kunkle v. Thompson, Appellant.

*Negligence—Automobiles — Principal and agent — Parent and child.*

A father cannot be held liable for the negligent act of his son nineteen years of age, in driving alone an automobile owned by the father, unless it is shown that the son was the agent of the father, engaged in furtherance of the father's business or pleasure, or in and about a matter in which he had an interest.

Such agency is not established where the evidence in effect is that the son was a competent driver, that he was permitted by his father to drive the car whenever he desired, and if the members of the family chose to enjoy the car, the son drove it for them; that the son had been educated at a business college; had had employment with various persons; that he had received with his father's consent the wages he earned, and out of them educated and partially clothed himself; that on the day of the accident, desiring to go to a neighboring town, in response to a letter offering him a position, he requested his father to permit him to take the car for the journey, first advising him of the purpose of his visit,

that the father consented, and that the accident occurred while the son was returning home.

The paternal interest which the father had in his son's welfare is not to be confused with a business interest, which would make the father liable.

Argued Nov. 20, 1916. Appeal, No. 101, Oct. T., 1916, by defendant, from judgment of C. P. Chester Co., Jan. T., 1916, No. 113, on verdict for plaintiff in case of Charles H. Kunkle v. Samuel H. Thompson. Before ORLADY, P. J., PORTER, HENDERSON, HEAD, KEPHART, TREXLER and WILLIAMS, JJ. Reversed.

Trespass to recover damages for personal injuries and injuries to an automobile. Before HAUSE, J.

At the trial it appeared that the plaintiff suffered the injuries of which he complained on November 20, 1915, at 3:45 p. m. at Wiford, Chester County, in a right angled collision with defendant's car, operated at the time by Robert Thompson, a nineteen-year-old son of the defendant who was alone in the car. The circumstances under which the son was using the car are stated in the opinion of the Superior Court.

Verdict and judgment for plaintiff for $379.50. Defendant appealed.

*Error assigned* was in refusing binding instructions for defendant.

*Robert S. Gawthrop,* with him *William E. Bushong,* for appellee.—There was no evidence from which to find that the relation of master and servant existed between the defendant and the driver of the automobile, and that at the time of the accident the machine was being operated for the defendant in such a way as to fix him with liability: Parker v. Matheson Motor Car Co., 241 Pa. 461; Scheel v. Shaw, 60 Pa. Superior Ct. 73; Curran v. Lorch, 243 Pa. 247; Luckett v. Reighard, 248 Pa. 24; Lotz v. Hanlon, 217 Pa. 339; Sarver v.

Mitchell, 35 Pa. Superior Ct. 69; Moon v. Matthews, 227 Pa. 488.

*G. L. Rettew,* of *Rettew & Sproat,* with him *T. D. Wade,* for appellee.—Robert Thompson, under the admitted facts in the case, was at the time of said accident operating said automobile as servant or agent of the defendant and the defendant is liable in damages for his negligence: Daily v. Maxwell, 152 Mo. App. 415; Stowe v. Morris, 147 Ky. 386; Moon v. Matthews, 227 Pa. 491.

OPINION BY HEAD, J., July 13, 1917:

The damages sought to be recovered resulted from a right-angled collision between the automobile of the plaintiff, driven by himself, and a car owned by the defendant but driven by his nineteen-year-old son. The defendant, owner, was not in the car at the time of the accident. The action is not brought against the son who operated the car, but seeks to charge the absent owner with the consequences of the negligent operation of his car by another. Under such circumstances there is surely no need to discuss the fundamental principles underlying the long line of decisions—nor even for a citation of the cases—which declare that under such a state of facts the relation of master and servant must be established or the doctrine of respondeat superior may not successfully be invoked. This principle has been steadily and continuously asserted by the Supreme Court and this court. Its existence and effect were recognized by the learned trial judge, both in his charge to the jury and in his opinion refusing to enter a judgment for the defendant n. o. v.

The verdict established the plaintiff was without fault and the driver of the defendant's car was negligent. If the latter was the servant of the defendant, the owner must answer. There we reach the crux of the case. As was said by our Brother KEPHART in Scheel v. Shaw, 60 Pa. Superior Court, page 76: "In the case at bar the

journey was taken by the chauffeur, with the permission of the master, on an errand solely for the benefit of the chauffeur. The fact that permission was given would not alter the rule as to the master's liability. The ownership of the car would not make the master liable: Lotz v. Hanlon, 217 Pa. 339. Where the master lends his servant to another to be engaged in the business of other persons, subject to their directions and control, the servant becomes a servant of the new master though he is paid by the old master." In that opinion all of the cases were reviewed. We should note also that the relation of master and servant was there admitted, the question being as to the scope of the servant's employment.

Now these are the facts recited by the learned trial judge as undisputed, on which he predicates the conclusion that the relation of master and servant existed between this defendant and his nineteen-year-old son. "The son lived with his father at Royersford, Montgomery County; was competent to drive and was the only driver of his father's car. The car was a pleasure car for the use of the defendant and his family; the son was permitted by his father to drive the car whenever he desired, and if any members of the family chose to enjoy the car, the son drove it for them. The son had been educated at a business college; had had employment with various persons; had received, with his father's consent, the wages he earned, and out of them clothed and partially educated himself. On the day of the accident, desiring to go to Downingtown in response to a letter offering him a position, he requested his father to permit him to take the car for the journey, first advising him of the purpose of his visit. The father consented. The son drove to Downingtown alone, and on his return while he was driving the car, the collision with the plaintiff's car occurred." The learned judge further uses this language, which we think fairly enough expresses the conclusion to be drawn from the established and recognized authorities: "Where liability for such act is sought to

be imposed on the parent, it must appear the act was committed at a time when the minor was engaged in the furtherance of the parent's business or pleasure, or in and about a matter in which he had an interest." We do not suppose it could be successfully urged that in this particular case the son was engaged in the furtherance of the parent's business or pleasure. The conclusion reached by the learned judge below, if we read his opinion correctly, appears to rest on the theory that the father was interested, within the meaning attached by the law to that term, in the errand on which the son was engaged. Can it be that the word "interest" is used in the authorities in a sense so broad as to justify the conclusion reached? A father is interested, in a sense, in almost every act performed by his son and especially in those which have for their purpose and object the advancement of the son in his career, profession or occupation. It is not in that sense that the law regards the term, because a man may have an interest of the same character, though perhaps not so intensive in degree, in the acts of many others to whom he is related by ties of blood or affection. If the husband of the defendant's daughter had operated the car for the purpose of making the same trip made by his son, with a like object in view, it might be truthfully said the defendant was interested in the success of the mission, but he would not be interested in the sense that he would become responsible for the tortious or negligent act of his son-in-law.

We think the able counsel for appellant has briefly but convincingly stated the answer to the position taken by the learned trial judge in the following words: "It is submitted that the court below confused the main purpose of the son's trip with the incidental and paternal interest of the father in his son's welfare. It would be difficult indeed to imagine the case of a son performing any act advantageous to himself in which a father, having proper paternal feelings, would not be interested."

We have then this situation. The liability, if any, of

the defendant cannot rest merely on the ground that he was the father of the person who drove the car.   The fact that he was the owner of the car furnishes no foundation for his liability in the case.   It is not alleged or proven that he permitted any incompetent or irresponsible person to drive his car.   The son had been practically manumitted.   Although living with his father, he was making his own way in the world and was permitted to receive and expend his own earnings for his own advantage, as he was able to see it.   The object he sought to attain from his trip on the day of the accident was peculiar and personal to himself.   It does not appear even the father had any detailed knowledge of the nature of the employment sought by the son, or of the character or extent of the remuneration the boy expected to receive.

Under these circumstances we are unable to reach the conclusion the father had any such interest in the business in which the son was engaged, while operating the car, as would or should justify the assumption the relation of master and servant existed.   The defendant, therefore, was entitled to have had a binding direction in his favor, or to have judgment thereafter entered n. o. v.

The judgment is reversed and the record remitted to the court below with direction to enter a judgment in favor of the defendant notwithstanding the verdict.