## Piquet et ux. v. Wazelle.

*Negligence—Automobiles—Negligence of son—Liability of father.*

1. Where a father purchases an automobile for the pleasure of his family, and his son drives the car, without his father's knowledge, to a dance in which the father has no interest, the question of the father's liability for the negligence of the son while so driving is a question for the jury.

2. In such case, as the car was being used by the son, a member of the family, for a use for which it was intended, it was for the jury to say whether the father was exercising an implied control over the car and driver.

Crouse v. Lubin, 260 Pa. 329, followed.

Motion for judgment n. o. v. C. P. Clearfield Co., Dec. T., 1925, No. 440.

*Margiotti & Gillespie* and *Hartswick, Arnold & Platt*, for plaintiffs.

*Liveright & Chase*, for defendant.

CHASE, P. J., June 26, 1926.—The defendant was the owner of an automobile which, while being driven by his minor son, Jules Wazelle, collided with another car, and, as a result of the collision, a son of the plaintiffs, a guest of the son of the defendant, sustained injuries which subsequently resulted in death. This action was brought to recover damages by the parents of the deceased against the owner of the car, the father of the driver, and the jury permitted a recovery. The defendant having presented a point for binding instructions, which was refused, this motion for judgment n. o. v. was made.

The essential facts to be considered on this motion are as follows: Anton Wazelle, the defendant, on Oct. 12, 1924, was the owner of a five-passenger Willys-Knight touring car, which car was kept by the defendant for the pleasure and convenience of the defendant and his family. That on said date Jules Wazelle, a son of the defendant and a member of his household and family, was operating the car, having in the car with him several of his friends, including the deceased son of the plaintiffs. The son of the defendant

Piquet et ux. *v.* Wazelle.

was on his way with his friends to a dance which they intended to attend. The father had nothing to do with the dance, and the car was being used at the time by the son entirely for the son's pleasure. While driving along the highway, the collision took place which finally resulted in the death of the plaintiffs' son, due to injuries sustained as a result of the collision. The son had a driver's license and was driving the car at the time of the accident. These are the uncontradicted facts.

The defendant contends that the case of Markle *v.* Perot, 273 Pa. 4, rules the present case and that the court erred in not entering a non-suit. In the Perot case Justice Schaffer said: "The liability of the owner of a motor-vehicle for the tortious act of a driver of his car which causes injury to a third person rests either on the relation of master and servant or of principal and agent between the owner and the driver." As we understand the Perot decision, the facts did not show the relation of either master and servant or principal and agent, nor could such a reasonable inference be drawn from the testimony in that case, and, therefore, there could be no recovery under our law. In that case the facts warranted no stronger inference than that the car, which was a pleasure car, was given to the son to use on the particular occasion for a matter in which the father had no interest and for a purpose for which the car was not generally used, or, it may be stated, the facts disclosed that the son had borrowed the privilege of using the car for a particular journey and a purpose which was entirely foreign to the purpose for which the car was owned and generally used and in a matter in which the owner had no more legal interest than if he had loaned the car to his neighbor to take a day's outing, and the car was no more being used for the purposes for which the owner had it or under his directions than if the loaning had been to a neighbor for a day's outing. The plaintiff attempted in that case to hold the defendant solely because of relationship of father and son, and because of the fact that the car may have been used at times for the pleasure of the family. The court said: "The residence of the son with his father and the circumstances that the automobile may have been used at times for the pleasure, comfort and convenience of the family are not sufficient to establish liability." As we understand it, that is to say, the facts in that case did not show the relationship which the law requires either to create the relation of master and servant or principal and agent. In the Perot case, the facts show an incidental loaning or borrowing of the car which lacked all the elements necessary to constitute the relation which Judge Schaffer, in the Perot case, said must exist in order to permit a recovery in cases of the character therein being considered.

The case of Kunkle *v.* Thompson, 67 Pa. Superior Ct. 37, well illustrates the principle laid down in the Perot and similar cases. In that case the facts disclose that the car was given to the son to use for a purpose other than what the car was generally used. The car was bought by the defendant for a pleasure car for the use of himself and family. The son was not using it for that purpose at the time the accident occurred, but on a personal business mission, for which he secured leave from the parent to use the car. The court in that case said: "The court below confused the main purpose of the son's trip with the incidental and paternal interest of the father in his son's welfare." The car was being used for a particular purpose, as distinguished from the general purpose for which the car was had, and, therefore, there could be no recovery. If the purpose of the trip had been pleasure and the father had the car for that purpose, for the use of his son as well as other members of his family, we feel that the question of the relationship of prin-

cipal and agent would have been for the jury, and the rule in the case of Crouse et al. *v.* Lubin, 260 Pa. 329, would have applied.

There has been an intimation that the cases of Perot and Kunkle are not in harmony with the Lubin case, and that these cases modify or repudiate the rule laid down in the Lubin case. As we view it, the decisions do not conflict, but harmonize. In the Lubin case the car was being used at the time of the accident in the business for which it was purchased, to wit, for the pleasure and convenience of the mother of the owner, while in the Perot and Kunkle cases and similar cases it will be found that the car at the time of the accident was not being used for the purposes for which it was purchased, but for an incidental purpose, or, rather, being used under circumstances which clearly established that the owner's relation at the time of the accident with the driver was neither that of master or principal to the driver, but that the driver was acting free and independent of control by the owner, either actually or impliedly.

The instant case, as we view it, falls within the Lubin case. The car was purchased, under the testimony, for the pleasure and convenience of the family. The car was being used by the son, who was one of the family, in the business for which the car was purchased, and under those facts, the car being used for the purposes intended, it would be natural and reasonable to assume from that state of facts that the father was exercising the control impliedly over the car and the driver, and, therefore, it was the duty of the court to submit the question of the father's liability to the jury under the proper instructions. We, therefore, find no error in the court's action in submitting this case to the jury under the authority of the case of Crouse et al. *v.* Lubin.

Now, June 26, 1926, motion for judgment *n. o. v.* is overruled. Exception noted and bill sealed to the defendant.

From John M. Urey, Clearfield, Pa.