## Shargay v. Lawrence et al.

*Edward M. Murphy*, for plaintiff.
*H. C. Hubler*, for defendants.

HOBAN, J., February 23, 1938.—Defendant moves to strike off plaintiff's amended statement of claim for eight different reasons, only one of which we find sufficiently meritorious to require corrective action. This exception goes to paragraph 14 of the statement, the averment of which is that because of the alleged negligence of defendant and plaintiff's subsequent injuries, plaintiff's earnings have been impaired in the amount of $989.08, and probably will be impaired during his natural life. This paragraph is vague, insufficient and defective: First, because neither the occupation, period of disability nor rate of earnings of the plaintiff are set forth, all of which defendant is entitled to know; and, secondly, because the extent of plaintiff's future damages is set forth as a probability and not as a definite averment. The paragraph must be corrected to conform to the requirements stated above.

The other averments of the statement are sufficiently specific and in conformity with our general practice to stand as stated.

Paragraph 9 of the statement, averring that the habit of driving while intoxicated on the part of defendant Karl Lawrence was well known to defendant Allen Lawrence, the owner of the automobile, is material to the question of the responsibility of Allen Lawrence. See Raub v. Donn, 254 Pa. 203.

The verification by plaintiff, although the facts are sworn to "as he verily believes", carries the further clause "all of which he expects to be able to prove at the trial of this case." Such verification is sufficient to comply with the requirements of the Practice Act of May 14, 1915, P. L. 483.

Now, February 23, 1938, the motion to strike off plaintiff's statement is denied, but plaintiff is directed to file an amended statement or to amend paragraph 14 of the statement of claim in accordance herewith, the amendment to be filed within fifteen days from date hereof.