Opinion by
 

 Stadteeld, J.,
 

 This is an action of trespass for personal injuries sustained by Frances Haley, a minor, brought by her parents, James Haley, Jr., and Amanda Haley, her next friends, and in their own right. The defendants in this case are Lewis P. Litzinger and Alice Litzinger, his daughter.
 

 
 *561
 
 On the evening of February 28, 1933, Frances Haley, then eight years of age, was roller skating in the company of several other small children on an asphalt portion of East Brady St. in the City of Butler. An Austin automobile, driven by Lucille Litzinger, daughter of Lewis P. Litzinger and sister of Alice Litzinger, defendants, and having as an occupant, Ida Litzinger, another daughter and sister, came east on Brady St. The car struck Frances Haley, the minor plaintiff.
 

 The jury rendered a verdict against both defendants, in behalf of the child, and in behalf of the parents for expenses incurred. The court below granted defendants’ motion for judgment n. o. v. This appeal followed.
 

 Appellants contend that the car that struck the minor plaintiff was a “family car” used by the members of the family for the benefit of the family and in furtherance of the business of the father, so that the owner or owners of the automobile may be charged with the tort of the driver.
 

 The evidence indicates that the father, Lewis P. Litzinger, purchased the car in 1930 for his daughter, Alice. However, an insurance policy contract, covering the car and signed by Mr. Litzinger, represented that he and his daughter were the exclusive owners. The policy further stated that the car was to be used for “private use and business calls, including commercial delivery without alteration in chassis or body.” Nevertheless, this particular car, being one among several in the family, was at all times subject to the orders and control of Alice. It appears that each of the other daughters had her own car, as did Mr. Litzinger, but that Lucille’s car was out of order on the day of the accident.
 

 On the day of the accident, Lucille, daughter and sister of the appellees, who was living at home, received permission from Alice to use the car. At the close of school, Lucille, having finished her teaching for the
 
 *562
 
 day, called for another sister, Ida, who assisted her father occasionally at his office. The two then started off, and according to the testimony of Lucille, the driver, they were on the “way home going to Chicora (to attend a church dinner) hut had no intention of stopping at my own house” when the accident occurred. Mrs. Haley, mother of the injured child, testified that Lucille had stated to her after the accident, that the girls were on their way home from school. Mrs. Huselton, into whose house the child wasi taken after the accident, corroborated her.
 

 In the case of
 
 Piquet et ux. v. Wazelle,
 
 288 Pa. 463, 136 A. 787, the defendant purchased an automobile for the convenience and pleasure of himself and family. The defendant’s nineteen-year-old son, with the permission of his father, made use of the car to go to a dance some miles distant. On returning from the dance, the car was involved in a collision with another car, and his guest was killed. A verdict was rendered in favor of the parents of the guest against the driver’s father, the owner of the car. A motion for judgment n. o. v. was refused. The Supreme Court, speaking through Justice Sadlek, reversed, saying at p. 467: “A review of the authorities in our own State will show that they are in accord with the doctrine declared in a majority of other jurisdictions. If the car, though acquired for the benefit of the family, is not operated, at the time of the accident, on behalf of the owner and in furtherance of his business, or that of the family, even though it was permissibly used, no liability follows, for it cannot be said that the driver was his servant or agent. This is expressly declared in
 
 Markle v. Perot,
 
 273 Pa. 4;
 
 Calmann v. Sperry,
 
 276 Pa. 273. See also,
 
 Scheel v. Shaw,
 
 60 Pa. Superior Ct. 73, affirmed, 252 Pa. 451.”
 

 In the case of
 
 Warman v. Craig,
 
 321 Pa. 481, 184 A. 757, plaintiff was injured as a result of a collision be
 
 *563
 
 tween a car operated by bimself and one driven by an adult son of the defendant, owner of tbe car. The driver of the car had the father’s permission to use the car for whatever purpose he desired, which was principally for pleasure. On his way from California, Pa. to Morgantown, W. Va., where he managed a store owned by his father, the son stopped off at his father’s home and discussed the latter’s business affairs in Morgantown. Upon resuming his trip, the accident occurred. The court said, at pp. 482, 483: “The fact that the car was owned by defendant and was being operated by his adult son with his permission is of itself insufficient to charge defendant with liability:
 
 Markle v. Perot,
 
 273 Pa. 4;
 
 Piquet v. Wazelle,
 
 288 Pa. 463;
 
 Kunkle v. Thompson,
 
 67 Pa. Superior Ct. 37. Uor is it enough to show that the general relation of employer and employee exists between defendant and the driver of his car:
 
 Martin v. Lipschitz,
 
 299 Pa. 211;
 
 Double v. Myers,
 
 305 Pa. 266;
 
 Readshaw v. Montgomery,
 
 313 Pa. 206. It was incumbent upon plaintiff to prove that the son, his father’s servant, was engaged upon his father’s business when operating the car, so as to be subject to the latter’s control or right of control at the time of the accident:
 
 Double v. Myers,
 
 supra;
 
 Readshaw v. Montgomery,
 
 supra;
 
 Cox v. Roehler,
 
 316 Pa. 417.”
 

 In
 
 Piquet et ux. v. Wazelle,
 
 supra, the court said, at pp. 467, 468: “......if it appears that the automobile was, at the time, being devoted to the master’s business, either by a member of the family or a chauffeur under his direction, express or implied, a recovery may be had:
 
 Moon v. Matthews,
 
 227 Pa. 488;
 
 Hazzard v. Carstairs,
 
 244 Pa. 122;
 
 McCaffrey v. Lukens,
 
 67 Pa. Superior Ct. 231;
 
 Fox v. Cahorowsky,
 
 66 Pa. Superior Ct. 221. In effect, this was the decision in
 
 Crouse v. Lubin,
 
 260 Pa. 329, where the automobile had been purchased for the use of the mother of the defendant, and was driven by a chauffeur engaged by the wife, or
 
 *564
 
 by the husband on her behalf. Ordinarily, it is for a jury to say whether the family car at the time of the accident was engaged on the work of the defendant
 
 (Raud v. Donn,
 
 254 Pa. 203;
 
 Laubach v. Colley,
 
 supra), but, in this instance, there is no suggestion that it was operated for such purpose. On the contrary, it was admittedly being used by the son for his personal pleasure in attending a dance.......”
 

 In the instant case, a careful reading of the record in the light most favorable to plaintiffs fails to disclose that the father, Lewis P. Litzinger, purchased the car involved in the accident for the use, comfort, or convenience of the family. The testimony of Alice was to the effect that the car was intended for her personal use and enjoyment and was so used; and further, that her “father had nothing to say about who should take the car out.” Likewise, there is no evidence to support appellants’ contention that Lucille was operating the car with the permission, expressed or implied, of her father. Alice, alone, was asked and gave permission to Lucille to use the car on the day the accident occurred. It does not appear that Mr. Litzinger was even aware that Lucille and Ida were using this car. Nor is there any evidence in the record to support a finding that Lucille was operating the car either in furtherance of her father’s business or interest, or on a household errand or for a family mission. It is not pretended that the car was being operated in furtherance of Alice’s business or interest, but it appears that her sisters were using the car for their personal convenience. Under the circumstances, neither the father nor Alice can be held liable and the judgment entered should^ be sustained.
 

 Judgment affirmed.