## Fox v. Harding

*Stephen J. McEwen*, for plaintiff.

*Greenwell & Porter*, for defendant.

BRETHERICK, J., November 16, 1955.—This is an action in trespass against a minor and her parents to recover damages for personal injuries allegedly sus-

tained by plaintiff as a result of defendants' negligence. The case is before us on preliminary objections by way of demurrer to the complaint.

The complaint avers that defendants, James T. Harding and Mary Harding, are residents of the Borough of Lansdowne, and are the parents and natural guardians of defendant, Ellen Harding, a minor who is upwards of seven years of age; that during the month of April, 1954, the parent defendants purchased a bicycle for the minor defendant, and thereafter, with the knowledge of the parent defendants, the minor defendant customarily operated her bicycle on the public sidewalks of the Borough of Lansdowne.

Plaintiff further avers that on April 26, 1954, she was walking on a public sidewalk in the Borough of Lansdowne, when the minor defendant, while operating her bicycle, negligently ran into and struck plaintiff from the rear, knocking plaintiff to the ground and causing the injuries specifically set forth in the complaint.

The complaint avers that the minor defendant's negligence consisted of operating a bicycle on a public sidewalk in violation of the ordinance of the Borough of Lansdowne, negligently and carelessly operating a bicycle without due regard to the rights of plaintiff as a pedestrian, negligently and carelessly failing to observe the position of plaintiff and to avoid striking her.

Paragraph 6 of the complaint avers that the parent defendants were negligent "in that they had full knowledge of the fact that their minor daughter, Ellen Harding, was operating her said bicycle on the public sidewalks of the said Borough of Lansdowne in violation of a Borough Ordinance, and that they permitted their daughter to continue to operate the said bicycle with full knowledge that their minor daughter had

neither the experience nor knowledge to safely operate and control said vehicle, and that the operation of the vehicle constituted a menace and hazard to the plaintiff and other pedestrians lawfully using said sidewalks".

The parent defendants assert that the complaint fails to set forth a cause of action in that it does not contain any averments by which they may be charged with negligence which was the proximate cause of plaintiff's injuries. We are forced to disagree.

In Condel v. Savo, 350 Pa. 350, it is said at page 352:

"At common law the mere relation of parent and child imposes upon the parent no liability for the torts of the child, but the parents may be liable where the act of the child is done as the agent of the parents or *where the negligence of the parents makes the injury possible*. The injury committed by the child must have been the natural and probable consequence of the parents' negligent act, that is, a consequence which, under the surrounding circumstances, might and ought reasonably to have been foreseen as likely to flow from such negligent act". (Italics supplied.)

We think the facts pleaded in the complaint bring the case fairly within the principle stated in Restatement of the Law of Torts §308:

"It is negligence to permit a third person to use a thing or to engage in an activity which is under the control of the actor, if the actor knows or should know that such person intends or is likely to use the thing or to conduct himself in the activity in such a manner as to create an unreasonable risk of harm to others."

In comment *b* thereunder, it is said:

"The rule stated in this Section has its most frequent application where the third person is a member of a class which is notoriously likely to misuse the thing

which the actor permits him to use. Thus, it is negligent to place loaded firearms or poisons within reach of young children or feeble-minded adults."

The parent defendants, in their very scholarly brief of argument, deny the applicability of the rule in the facts here presented. They contend that the rule has its principal application in cases involving weapons and other dangerous instrumentalities, and argue that a bicycle "can hardly be classified as a dangerous instrumentality, and, certainly, does not fall in the same category with rifles, guns and ammunition." We think defendants take too narrow a view of the rule, and of the scope of its application. It is probably true that the principle has found its most frequent application in cases involving weapons and other inherently dangerous instrumentalities. But the rule has often been applied in situations involving motor vehicles, as a review of the digests will show. One does not ordinarily think of an automobile as a dangerous instrumentality, although it can become such by the manner of its use. The same can be said of a bicycle. The difference is altogether one of degree, as most distinctions in the law are said to be. We can see no reason in law or logic for denying the applicability of the principle in question to any instrumentality reasonably susceptible of such use as to create an unreasonable risk of harm to others.

For present purposes, it must be accepted as a fact that the parent defendants permitted the minor defendant to operate a bicycle with full knowledge, among other things, that their daughter customarily operated the bicycle on the public sidewalks. Whether the operation of a bicycle in the manner indicated created an unreasonable risk of harm to others, is, in our opinion, a question of fact for a jury and not a matter of law for the court.

It is especially to be noted, in this connection, that the operation of a bicycle on the public sidewalks was prohibited by ordinance. The purpose of the ordinance is obvious. We call attention to the general rule that the violation of a legislative enactment is, at least, evidence of negligence, and may be negligence per se: Jinks v. Currie, 324 Pa. 532; Laubach v. Colley, 283 Pa. 366; Restatement of the Law of Torts, §286.

It is our opinion, contrary to defendants' view, that McBride v. Aaronson, 70 D. & C. 391, is directly in point. It was there held that (syllabus):

"A parent who allows a three-year-old child to operate a tricycle in and out of his store and on the sidewalk in front thereof, where people congregate whose attention to the possibility of danger is likely to be diverted through the display of merchandise . . . and permits it to continue, is guilty of negligence toward a person who is injured by stepping backward into the tricycle while looking in the window, and is liable for damages so sustained."

The court ruled that the case fell within the principle of section 308 of the Restatement of the Law of Torts. Defendants argue that, in the McBride case, the "risk of harm to others was forseeable," because of the likely diversion of attention through the display of merchandise. It appears to us, however, that risk of harm to others is forseeable from the very nature of the act itself. Clear recognition of this seems implicit in the prohibition contained in the ordinance. At any rate, the question is at least one for a jury.

We come now to a novel question in the case. It is contended on behalf of the minor defendant that a child of seven years, under the facts averred in the complaint, cannot be said to have been negligent. Defendants seek to apply, by analogy, the rules relating to contributory negligence of minors. We have

been referred to no authority, either in Pennsylvania or elsewhere, in support of this theory, and our own researches have disclosed none. To the contrary, the general rule appears to be as set forth at 31 C. J., Infants 1093, §209:

"A minor may reasonably be expected to exercise that degree of care which a person of his age, intelligence, capacity, discretion, and experience would naturally and ordinarily use. Hence, an infant may be guilty of actionable negligence, but he is required to exercise only that degree of care which children of the same age ordinarily exercise under the same circumstances taking into account the experience, capacity, and understanding of the child. While there are certain presumptions which the court will indulge as to the criminal responsibility of infants, it has been held that there are no presumptions as to the capability of infants in the commission of negligence." See, also, 27 Am. Jur., Infants, 812, §90; 43 C. J. S., Infants, 206, §91.

Section 283 of the Restatement of the Law of Torts, states:

"Unless the actor is a child or an insane person, the standard of conduct to which he must conform to avoid being negligent is that of a reasonable man under like circumstances." Comment e thereunder contains an illuminating discussion of the standard of conduct as respects children, in the course of which it is said: "A child of tender years is not required to conform to the standard of behavior which it is reasonable to expect of an adult, but his conduct is to be judged by the standard of behavior to be expected from a child of like age, intelligence and experience. A child may be so young as to be manifestly incapable of exercising any of those qualities of attention, intelligence and judgment which are necessary to enable him to

perceive a risk and to realize its unreasonable character. On the other hand, it is obvious that a child who has not yet attained his majority may be as capable as an adult of exercising the qualities necessary to the perception of a risk and the realization of its unreasonable character. Between these two extremes there are children whose capacities are infinitely various. . . . It is impossible to fix the definite age at which children are capable of negligence or to fix the age at which a child, or any class of children, is able to appreciate and cope with the dangers of any particular situation. A child of ten may in one situation have sufficient capacity to appreciate the risk involved in his conduct and realize its unreasonable character, but in another situation he may lack the necessary intelligence and experience to do so."

It is stated in the Pennsylvania annotations under this section that no Pennsylvania case has been found which determines the standard to which a child must conform in order to avoid liability for negligence.

While we have found no cases in Pennsylvania directly in point, our Supreme Court has held that infants of the age of six years are liable for willful torts. See 19A Vale (Pa.), Infants, §60.

It is our conclusion, therefore, that on the record before us, we cannot rule as a matter of law that the minor defendant was incapable of negligence because of her age.

### Order

And now, November 16, 1955, upon consideration of the within case, it is ordered, adjudged and decreed that defendants' preliminary objections to the complaint be, and they are, overruled, and defendants are granted leave to file an answer to the complaint within 20 days after the date of this order.