## Moore v. McMillian

*Harry P. Mattern*, for plaintiff.
*John J. Aponick, Jr.*, for defendants.

DALESSANDRO, *J.*, March 25, 1980—

### NATURE OF PROCEEDINGS

This matter is before the court on preliminary objections filed by defendants. All but one of the objections have been resolved by agreement of counsel, and we are therefore concerned here only with defendants' demurrer to counts two and three of the complaint.

### HISTORY AND FACTS

Plaintiff, Katherine Maire Moore, was injured in an automobile accident in Dallas, Pennsylvania, on March 5, 1977. She commenced an action by writ of summons in trespass on March 5, 1979 against Robert McMillian, a/k/a Robert McMilliams, the driver of the other automobile involved in the accident, John McWilliams, a/k/a John McMilliams, Robert's father, and Lillian McMillian, a/k/a Lillian

McMilliams, Robert's mother. According to the complaint filed on October 18, 1979, plaintiff's cause of action is not barred by the Pennsylvania No-fault Motor Vehicle Insurance Act because as a result of the accident she has been or will be obliged to incur various expenses for medical care in excess of $750, exclusive of diagnostic x-ray costs and rehabilitation costs in excess of $100: Act of July 19, 1974, P.L. 489, sec. 301(a)(5), 40 P.S. §1009.301(a)(5).

Plaintiff alleges in her complaint that on the date of the accident Robert McMillian negligently and recklessly operated his vehicle so as to cause it to cross into plaintiff's lane of traffic and collide with her automobile. In paragraph 23 of count two plaintiff avers that a further proximate cause of the accident was the negligence of John McWilliams, the owner or co-owner of the vehicle his son was driving, in permitting Robert to operate the automobile when John knew or should have known that:

"[Robert] had been guilty of repeated traffic violations, had been involved in several prior actions, had habitually and repeatedly driven in a careless and reckless manner, and had repeatedly and constantly evidenced a course of conduct which would lead or should have led [John] to know that [Robert] would conduct himself in the activity of driving in such a manner as to create an unreasonable risk of harm to others."

An identical averment appears in count three with respect to Lillian McMillian. The allegations concerning negligent entrustment of the vehicle constitute the sole theory of liability asserted against Robert's parents.

## DISCUSSION AND LAW

It is important to note at the outset what is *not* involved in this case. Plaintiff does not contend that the owner of a vehicle, simply by virtue of that property interest, is liable for damages whenever the driver of the vehicle causes harm to others. Nor does she allege the existence of any agency relationship between Robert McMillian and his parents at the time of the accident. Rather, she seeks to impose liability on Mr. and Mrs. McMilliams for their alleged negligence in entrusting the vehicle to Robert when they knew or should have known of his poor driving record and his propensities as a motor vehicle operator.

Defendants concede that it is the general rule in Pennsylvania that the owner of a vehicle may be liable for entrusting it to an incompetent driver. See, e.g., Gibson v. Bruner, 406 Pa. 315, 178 A. 2d 145 (1961). They contend, however, that the rule has been applied only in a limited manner: where the operator was driving under a learner's permit or was otherwise not licensed to drive; where the operator was intoxicated or likely to become intoxicated; or where the physical condition of the operator was such as would lead a reasonably prudent person to know that he was incapable of driving the vehicle safely. Where, as here, there is no allegation that the driver was suffering from an obvious incapacity or was not a licensed operator, defendants assert that liability cannot be imposed for negligent entrustment. Stated differently, it is defendants' position that one who entrusts a vehicle to a licensed, sober and otherwise unhampered individual is not negligent as a matter of law, re-

gardless of the operator's past driving record and the owner's awareness of it. We disagree.

In our examination of the decisions which set forth the rule on negligent entrustment, we have found the holdings not to be so narrowly circumscribed as defendants suggest. In Raub v. Donn, 254 Pa. 203, 207, 98 Atl. 861, 862 (1916), one of the first cases to deal with this issue, the court stated that it was not error to instruct the jury that "[i]t is the duty of a man to see that his automobile is not run by a careless, reckless person, but that it is in the hands of a skillful and competent person." Raub involved a son's negligent operation of an automobile, and the complaint alleged that the father knew or should have known of his reputation as a reckless driver. There was no allegation that the son was intoxicated or incapacitated at the time of the accident or not a licensed driver. It seems clear to us that this early expression of the Supreme Court's intent with respect to negligent entrustment does not limit the application of the rule as defendants here contend.

Subsequent cases also support a liberal application of the general rule. In Laubach v. Colley, 283 Pa. 366, 129 Atl. 88 (1925), the court affirmed a judgment against a father for injuries caused by his son when he was operating his father's vehicle with his permission. The son was under 16 years of age at the time. After stating the general rule of Raub v. Donn, supra, the court observed that the doctrine of negligent entrustment is particularly applicable where the person to whose charge the automobile is committed is prohibited from operating it by statute: Laubach v. Colley, 283 Pa. at 369, 129 Atl. at 89. Rather than interpreting this to limit the scope

of the general rule, as defendants apparently do, we view the statement as signifying only that the issue may be clearer in cases where the owner of the vehicle was aware that the operator was not licensed to drive, and that this situation well illustrates the type of harm the rule was designed to protect against.

Other cases which recognize the general principles of negligent entrustment include the following: Gibson v. Bruner, supra; Delair v. McAdoo, 324 Pa. 392, 188 Atl. 181 (1936); Piquet v. Wazelle, 288 Pa. 463, 136 Atl. 787 (1927); Chamberlain v. Riddle, 155 Pa. Superior Ct. 507, 38 A. 2d 521 (1944); Washabaugh v. Fickes, 9 Adams 1 (1967); DeTillio v. Scott, 104 Pitts. L.J. 218 (1955). On the basis of these decisions and the ones previously discussed, we conclude that plaintiff has stated a cause of action against defendants in counts two and three of the complaint. The demurrer will therefore be overruled and dismissed.

Our holding at bar does not expand the basis of liability under the doctrine of negligent entrustment recognized heretofore. Having alleged that Robert McMillian's parents were aware of his poor driving record but nevertheless entrusted their vehicle to him, plaintiff under the law is entitled to an opportunity to prove her claim.

## ORDER

And now, March 25, 1980, it is hereby ordered that defendants' preliminary objection in the nature of a demurrer to counts two and three of the complaint is overruled and dismissed. The remaining preliminary objections have been disposed of by agreement of counsel.