Smith et al. *v.* Jamison, Appellant.

*Negligence—Automobile—Collision with child—Death—Case for jury—Contributory negligence—Husband and wife—Joint use of automobile.*

In an action of trespass to recover damages for the death of a child alleged to have been struck by defendant's automobile, it appeared that the automobile had been parked, by defendant's wife, facing down a grade. It also appeared that the unoccupied automobile had started down the grade, and that it struck the child as it was playing some distance from the highway. The evidence was conflicting as to the manner in which the automobile was parked

but there was no evidence that there was anybody around the automobile when it started down the grade.

Under such circumstances, the case was for the jury and a verdict for the plaintiff will be sustained.

The alleged contributory negligence of the parents does not enter into such a case, when the child was not killed at a place where automobiles could be expected to travel.

Where, in such a case, it appears that the automobile was owned by the defendant, and that it was used jointly by the defendant and his wife for their convenience and pleasure, it was not error for the court to charge that the defendant was liable for any negligence of his wife in the operation of the automobile and to enter judgment against the husband alone on the verdict.

*Verdicts—Judgments.*

The paper verdict of a jury is not controlling. The judgment entered thereon by the court is what will be considered on appeal.

Argued April 20, 1926. Appeal No. 35, April T., 1926, by defendant, from judgment of C. P. Westmoreland County, February T., 1924, No. 575, in the case of Frank F. Smith and Lillian Smith, his wife, v. D. Ray Jamison. Before PORTER, P. J., HENDERSON, TREXLER, KELLER, LINN, GAWTHROP and CUNNINGHAM, JJ. Affirmed.

Trespass to recover damages for the death of plaintiff's child. Before COPELAND, P. J.

The facts are stated in the opinion of the Superior Court.

Verdict for plaintiffs upon which judgment was entered. Defendant appealed.

*Error assigned,* among others, was the refusal of defendant's motion for judgment n. o. v. and the charge of the court.

*Chas. C. Crowell,* and with him *Albert H. Bell,* for appellant.—The parking of the car was not the proximate cause of the injury: Rugart v. Keebler-Weyl Baking Co., 277 Pa. 413; Trout v. Philadelphia Electric Company, 236 Pa. 506; Finkbeiner, Appellant, v.

Solomon, 225 Pa. 333; Marsh v. Giles, 211 Pa. 17; Glasco v. Green, 273 Pa. 353; Bruggman et al. v. City of York, 259 Pa. 94; Carpenter v. Miller & Son, 232 Pa. 362; Kemmler v. Pennsylvania Co., 265 Pa. 212; Wood, Appellant, v. Pennsylvania Railroad Co., 177 Pa. 306.

*Wm. M. Kahanowitz,* and with him *P. K. Shaner,* for appellee.—The defendant is liable for the negligent use of the automobile by his wife: Crouse v. Lubin, 260 Pa. 329; Moon v. Matthews, 227 Pa. 488; Hazzard v. Carstairs, 244 Pa. 122.

OPINION BY CUNNINGHAM, J., July 8, 1926:

About ten o'clock in the forenoon of August 8, 1923, an unoccupied Chevrolet automobile, parked along the curb on the west side of Broad Street, (a north and south street in the Borough of South Greensburg, having a cartway of thirty-six feet and at that point a descending grade of 6.7 per cent. toward the south), started down said grade and, after running about six hundred feet, crossed along a street car track toward the east side of the street near the place where there is a curve to the west, left the cartway at a point near a closed culvert under said street, went over the end of the culvert and came to a stop against the bank.

Following a heavy rainfall that morning, three children were playing at building a dam in the gutter near the end of said culvert and immediately after the descent of the automobile it was found that they had all been injured—one of them, Frank F. Smith, Jr., five years and four months old, so seriously that his death resulted that evening. The automobile was owned by D. Ray Jamison, appellant herein, and had been driven that morning by his wife, Grace M. Jamison, and parked by her in front of their residence. Frank F. Smith, the father of the child, alleging that the death of his son was due to the negligent manner in which the automobile had

been parked, brought an action in the Court of Common Pleas of Westmoreland County, in which his wife, Lillian Smith, joined, against the said D. Ray and Grace M. Jamison to recover damages.

The learned trial judge instructed the jury that if they found in favor of the plaintiffs the verdict should be rendered against the owner of the automobile, D. Ray Jamison, alone, as he would be "liable for injuries caused by the negligent operation of the machine while it was being used for the pleasure or convenience of a member of his family," etc. The jury rendered a verdict, hereinafter quoted, in favor of the plaintiffs for the sum of $355. At the trial defendants submitted a point for binding instructions, which was declined. Defendants moved for a new trial and for judgment n. o. v. A new trial was refused and the court below directed judgment to be entered against D. Ray Jamison on the verdict. From the judgment so entered we have this appeal.

The questions raised by the assignments of error are whether the trial judge erred: (a) in refusing to give binding instructions for defendants and overruling their motion for judgment n. o. v.; (b) in his answer to defendants' fourth point relative to alleged contributory negligence on the part of plaintiffs; and (c) in instructing the jury that any verdict which they might find in favor of the plaintiffs should be rendered against D. Ray Jamison alone.

1. With respect to the first proposition an examination of the testimony satisfies us that the court below was clearly right in declining to give binding instructions for the defendants and in overruling their motion for judgment n. o. v. Without reviewing the testimony in detail it is sufficient to say that one witness called by the plaintiffs testified that he was driving a truck up the grade when the runaway car passed him coming down; that he saw Mrs. Jamison running after it; and that he also pursued the car,

which came to a stop near the ditch. We quote from his testimony: "Q. Did you go to the point where it had stopped? A. Yes. Q. What, if anything, did you see there? A. I saw where the machine ran over three children...... Q. Do you know whether the machine struck the children? A. The machine struck the children; I saw it; I could not come fast enough to catch the machine...... Yes, sir; she [Mrs. Jamison] said that was her machine. Q. Did you see the children before the machine hit them? A. I saw the kids lying in the ditch and playing there. Q. Where the children were playing in the ditch do automobiles travel at or near that point? A. No, sir. It is far away from the road. I could not say how far, but it is a big piece away from the road. Q. About how far from the traveled road is the ditch where the children were playing, in feet, if you know? A. I could not say how far; I never measured it."

Another witness residing near the defendants testified as follows with respect to the manner in which the car had been parked: "Q. Where do you live with reference to the Jamison home? A. I live second door north of the Jamisons. Q. How was the car parked on that morning? A. What attracted my attention, the car was pointed straight down the hill about 15 or 18 inches from the curb. Q. Did you see the car start down the hill? A. No, sir. Q. How close were you to this car when you saw it 15 or 18 inches from the curb? A. From my residence to theirs, about 100 feet or so. Q. You are sure it was 15 or 18 inches from the curb? A. Yes, sir."

The defense was twofold: First, that the car had been carefully parked; and, second, that, by reason of the contour of the ground in the vicinity of the culvert and the existence of a wall above the base of the culvert forming a part of the structure, it would

have been impossible for the car to have run over the culvert and inflicted the injuries upon the children in the manner claimed by plaintiffs. With reference to the first contention Mrs. Jamison testified as follows: "Q. When you came home what did you do? A. I drove down in front of the house, about three feet away from the curb and cut the front wheel sharply in against the curb and put the car in neutral, put on the brake and turned off the ignition. Q. The rear end of the car was about three feet from the curb? A. Yes. I always slow down a little and my front wheels cut in against the curb." The second contention was stated by Mrs. Jamison in her testimony thus: "Q. What is the slope of the ground from the street side of the end of that wall and the street car side of the end of the wall. Is it up toward the street car? A. It is a low place right there and then it slopes from the ditch out into the middle of the highway, and then slopes up to the street car. Q. State whether or not, from the condition of that wall and the contour, the slope of the ground, it would be possible for that car to run over there without being stopped by the wall? A. It could not go over there and not stop. The car went on down the road. I saw it go on down the road. My view was obstructed by an iron fence. I guess it was a fence at Mr. Barnard's. I did not see it after it got to that place. ......Our car did not go into the culvert where the children were. It went down below where the children were."

The learned trial judge submitted the respective contentions of the parties to the jury adequately and impartially and there was evidence which, if believed by them, supports their finding to the effect that the car was negligently parked and that this negligence was the proximate cause of the injuries: Wiles v. Emerson-Brantingham Co., 267 Pa. 47; Helfrich v. Gurnari, 78 Pa. Superior Ct. 449. The following

quotation from the opinion of the court below upon the motions of defendants for a new trial and judgment n. o. v. is fully justified by the testimony: "It was perfectly apparent to the court that if Grace M. Jamison, one of the defendants, had parked the automobile in the manner she testified it never could have started. She testified that she parked this automobile diagonal to the street, with the front wheels against the curb and with the brake on. From the manner in which she described she parked this automobile, it would have been necessary to have taken off the brake, started the engine and backed away from the curb before it could have started. The automobile could not do this itself, and the defendant's testimony did not show that anybody was around the automobile at that time. The plaintiffs, by one of their witnesses who first saw this automobile in motion just immediately after it started, showed that there was no one around it. Therefore, the inevitable conclusion that any person would reach was that the car was not parked as testified upon the part of the defendants." The first and fourth assignments of error are dismissed.

2. The fourth point submitted in behalf of defendants was: "If the jury find from the evidence that the plaintiffs were negligent in permitting their child, a boy of five years of age, unattended, to play upon the public streets, then we instruct you that they were guilty of contributory negligence and there can be no recovery." This was answered as follows: "That is a mere abstract proposition of law and it has no application to this case, because these children were not upon a public street when they were injured, according to all the testimony in this case. They were off to the side of the street in a ditch, where cars have no business being operated or could not be operated. If these children had been injured on the main thoroughfare, where the cars and the

traffic travel or on the part of the road where the cars are expected to travel, then that would become a question for you as to whether or not the plaintiffs were negligent in permitting this child to go out on the street; but where the child was not killed on the place where the cars are expected to travel, we say that the question of contributory negligence in permitting the child to be in that ditch does not enter into this case. We affirm that point as an abstract proposition of law and that is all." In the light of the testimony which we have already quoted and from an examination of all the evidence we are satisfied that the court below did not err in its disposition of this point. There was nothing in the testimony indicating that the defense was based upon any alleged contributory negligence of the parents of the child. On the contrary, the contention was that the car had been carefully parked and that its movement had been caused by the act of some person or persons, or was due to some agency, unknown to defendants, and further, that their car did not cause the injuries. The second assignment of error is therefore overruled.

3. The testimony shows beyond question that the car was owned by the husband, D. Ray Jamison, and had been purchased and was used for the joint convenience and pleasure of Mrs. Jamison and himself and that Mrs. Jamison drove it frequently. The license was issued to them jointly. With respect to the use of the car D. Ray Jamison testified: "Q. That car was used jointly by yourself and wife? A. Yes. Q. Any time she wanted to take it she had authority to take it? A. Yes. Q. And any time you would take it? A. Yes. Q. You would take it out of the garage and put it in front of your house for your wife to take it? A. Sometimes." Mrs. Jamison frequently used the car while shopping and in the performance of household errands. On the day of the accident Mrs. Jamison had taken her

husband's aunt, who was visiting them, for medical treatment and, returning to their residence, had parked the car in front thereof about half an hour before the accident. By the third assignment the following portion of the charge is assigned for error: "As to your verdict in this case, while this action is brought against D. Ray Jamison and Grace M. Jamison, we are of opinion that the verdict in this case should be not against Grace M. Jamison but against D. Ray Jamison, because D. Ray Jamison was the owner of that automobile at the time of this accident and, therefore, if the accident was the result of negligence upon the part of his wife, in parking that car, D. Ray Jamison would be responsible. The law is that when a person purchases an automobile for the convenience, for the benefit, for the pleasure of his wife or family, that he is responsible. When it is used for that particular purpose, for the family's benefit, for their pleasure, for their convenience, he is responsible for the accident, I mean, he is responsible for whatever accident happens as the result of negligence where the other party that is injured is free from negligence. The plaintiffs sought to recover here on the marital ground, that the husband, while he was not there, was responsible for his wife's act and she was responsible for her negligence; yet that is not the law. The law puts the proposition upon a much broader ground. It is on the ground that a duty rests upon every man in the management of his own affairs whether by himself or by his agent or servants, so to conduct them as not to injure another, and that if he does not do so and another is thereby injured, he shall answer for damages. Hence, one who keeps an automobile for the pleasure and convenience of himself and family is liable for injuries caused by the negligent operation of the machine while it is being used for the pleasure or convenience of a member of his family. His lia-

bility results from the fact that this car was being used for the purpose he had authorized and he is prima facie responsible for its management when in the ordinary use for that purpose. The possession of the car by the wife at the time of the accident in question, was the possession of the husband; therefore that makes the husband alone responsible in this case. For that reason we say to you that if you render a verdict in favor of the plaintiffs here for damages, it must be against D. Ray Jamison and not against his wife. Treat this action against his wife, naming her as one of the defendants, as surplusage in this case. There is not any question about the fact that Mrs. Grace M. Jamison was using this car there with the knowledge of her husband; there is not any question about the fact that this car was bought for the convenience and benefit of both the husband and the wife; therefore, these facts being in evidence, it is necessary, when he is the owner of the car to render a verdict against him and not against his wife. Of course, under the Act of 1893, the wife is responsible for her own torts, for her own wrongs, where she commits them without being the agent of any other person; but here the law fixes the responsibility, not upon the wife, but upon the husband." We are of opinion that appellant cannot justly complain against this portion of the charge when it is read in connection with the charge as a whole. The present case is clearly distinguishable from Kunkle v. Thompson, 67 Pa. Superior Ct. 37; Laubach, et al., v. Colley, 283 Pa. 366 and Markle v. Perot, 273 Pa. 4; and should be decided under the principles stated in Crouse, et al., v. Lubin, 260 Pa. 329.

The verdict of the jury as written by the foreman on the blank form sent out with them contains a parenthetical explanation and reads thus: "And now, to wit March 23, 1925, we, the jurors empaneled in the

above entitled case, find (the defendant, P. S., Grace Jamison guilty of negligence in parking car by not putting in reverse. We award Mr. Smith submitted to cost as Pr. Nos. 2, 3, 4, 5, 6, 7, or $235, plus 10 days wages, $12 pr. day, or $120; total $355; court cost divided) a verdict in favor of plaintiff for the sum of $355.'' This verdict is aptly described in the opinion of the court below as a ''jumble'' but it is clear that the numbers therein mentioned refer to the plaintiffs' exhibits, 'being receipts for medical and funeral expenses, etc., and when the portion enclosed in parenthesis marks is omitted it is a plain finding in favor of the plaintiffs for $355. In any event that which controls is not the mere paper verdict but the judgment as entered thereon by the court. The conclusions we have reached on this branch of the case dispose of the only remaining assignment of error against the contention of appellant.

Judgment affirmed.