Lambert et al. *v.* Polen, Appellant.

Argued January 5, 1943. Before MAXEY, C. J.; DREW, LINN, STERN, PATTERSON, PARKER and STEARNE, JJ.

*J. Schneyer Clearfield,* with him *Morris W. Kolander* and *David A. Saltzburg,* for appellant.

*Harry E. Apeler,* with him *E. Herman Fuiman,* for appellees.

OPINION BY MR. JUSTICE PATTERSON, January 29, 1943:

On Sunday evening, December 17, 1939, Louise Lambert, seven years of age, was run down and seriously injured by an automobile of William Polen, as she was crossing from the northwest corner to the northeast

corner of Fifty-ninth and Thompson Streets, Philadelphia. At the time of the accident the automobile was driven by Polen's adult son, Jacob Polen, who was also its sole occupant. In this action of trespass brought against William Polen by her father, William P. Lambert, as guardian, the child's guardian obtained a verdict of $8000 for her injuries, and the jury awarded William P. Lambert the sum of $2000 in his own right. Motions for judgment n. o. v. and for a new trial filed by Polen were dismissed by the court en banc and separate judgments were entered upon the verdicts; hence these appeals.

The assignments of error raise two questions: (1) Is there evidence in the record to support a finding that the automobile was being operated in furtherance of appellant's business when the accident occurred? (2) Did the trial judge commit reversible error in refusing to withdraw a juror and continue the case because the jury was permitted to learn that appellant was protected by insurance against the liability for which suit was brought? We all agree that both of these questions were rightly decided by the court below.

(1) In the absence of evidence that the son was engaged upon appellant's business when operating the car, so as to be subject to his control or right of control at the time of the accident, appellant would be entitled to the entry of judgment in his favor as contended. As said in *Piquet v. Wazelle,* 288 Pa. 463, 467: "If the car, though acquired for the benefit of the family, is not operated at the time of the accident on behalf of the owner and in furtherance of his business, or that of the family, even though it was permissively used, no liability follows, for it cannot be said that the driver was his servant or agent." See also *Markle v. Perot,* 273 Pa. 4; *Warman v. Craig,* 321 Pa. 481; *Hildock v. Grosso,* 334 Pa. 222. We are of opinion, however, that there is evidence in the record from which the jury might properly have reached an opposite conclusion. The testimony

depended upon by appellees as showing the existence of a master-servant relationship establishes that the son left appellant's public garage, at 6033 Larchwood Avenue, Philadelphia, shortly before the accident, having as a passenger one Gery, employed at the garage; that he drove directly from the garage to Fifty-ninth and Market Streets, where he stopped to let Gery off, and then proceeded north to Fifty-ninth and Thompson Streets, the place of accident; that the automobile was frequently used both by appellant and the son as a service car, in connection with the business of appellant's garage; and that the son was in charge of the garage during the afternoon and evening of the day of the accident. True, appellees produced no evidence as to the exact destination of the son at the time of the accident or as to the specific purpose for which the trip was undertaken, but such proofs were unnecessary in view of evidence adduced by appellees that prior to the trial appellant admitted, "My son was using the car on the night of the accident with my consent and on my business," and stated he signed the affidavit of defense, averring that the automobile was operated by the son "upon his own business and upon his own affairs" at the time of the accident, merely "as a matter of form to bring the case up." This evidence differentiates the present case from those which have been cited to us as controlling by appellant. On appellant's side of the case there was testimony which would have warranted a finding that the trip was undertaken by the son for his own social purposes, but the verdicts imply that the jury accepted the evidence favorable to appellees and on this appeal we cannot do otherwise: *Hawk v. Penna. R. R. Co.*, 307 Pa. 214, 218; *Borits v. Tarapchak*, 338 Pa. 289, 290; *Harrington v. Pugarelli*, 344 Pa. 204, 206.

(2) The motion for withdrawal of a juror was made under the following circumstances: During cross-examination of appellees' witness to statements made by appellant prior to trial, counsel for appellant asked the

witness: "Q. Was anything else said?" and the witness answered, "He said he thought the case was settled. He said he carried insurance and said he thought the case was settled." Counsel for appellant thereupon moved to withdraw a juror on the ground that this remark was improper as a reference to an insurance company being interested in the verdict, which motion was refused and the trial proceeded without any further reference being made to insurance. But for counsel's persistent and aggressive line of questioning, the obvious purpose of which was to create the impression that something less than a full disclosure had been made by the witness, the fact of insurance would not have been brought to the jury's attention; and under these circumstances the fact that it may have been brought to their attention furnishes no ground for a mistrial. "While the rule which forbids the introduction of evidence by plaintiff that defendant is insured against liability, will be strictly adhered to, it would be an anachronism to apply it in favor of a defendant who himself educed the evidence to which he objects, without plaintiff being in any way responsible, directly or indirectly, for its production": *Ellsworth v. Lauth,* 311 Pa. 286, 290. See also *Amey v. Erb,* 296 Pa. 561, 567; *King v. Keller (No. 1),* 90 Pa. Superior Ct. 596, 607. Moreover, the amount of the verdicts, in view of the serious nature of the injuries involved, does not indicate that the jury was prejudiced in any way by the unexpected statement.

Our review of the entire record in the light of the assignments of error convinces us that the disposition of the case made by the court below was correct and that the judgments appealed from must be affirmed.

Judgments affirmed.