Haskey et ux., Appellants, *v.* Williams.

Argued May 27, 1948. Before MAXEY, C. J., DREW, LINN, STERN, PATTERSON, STEARNE and JONES, JJ.

*Everett Kent,* with him *George I. Puhak,* for appellants.

*Ben R. Jones, Jr.,* with him *M. S. DePierro, Paul Bedford, S. Keen Mitchell, Jr., and Bedford, Waller, Jones & Darling,* for appellee.

OPINION BY MR. CHIEF JUSTICE MAXEY, July 7, 1948:

This is an action in trespass by plaintiffs, husband and wife, against defendant. On September 7, 1942, William G. Haskey was operating a motor vehicle in which his wife was a passenger. They were enroute from Easton, Pa., to Flemington, New Jersey. On that

date the 19-year-old daughter of Fred E. Williams, with two companions, drove her father's car with his permission from White Haven, Luzerne County, Pa., en route to Trenton, New Jersey. At Flemington, N. J., at the intersection of Route No. 30 and Church Street, there was a traffic light. It was alleged that Haskey had stopped his motor vehicle at this intersection in obedience to a traffic signal; that the motor vehicle of Fred E. Williams, driven by his daughter, struck the Haskey motor vehicle causing property damage to the car and personal injuries to Mrs. Haskey.

Bernice Williams, the minor daughter, a recent graduate of Rider Business College, Trenton, New Jersey, had left her clothes and other personal belongings at the college. While staying at her parents' home in White Haven, Pa., the minor daughter received a job with the Rationing Board at that place. For the purpose of removing from Rider College her clothes and other personal belongings, the minor daughter requested and received permission to use her father's automobile on September 7, 1942 to go to Trenton, N. J. While on that mission the accident occurred.

After the trial, the jury returned a verdict for the defendant. Plaintiff's motion for a new trial was refused by the court in banc. The issues before the jury were (1) the negligence of the driver of defendant's car (2) the contributory negligence of William G. Haskey, plaintiff husband, and (3) whether or not the court adequately charged on the subject of the alleged agency of defendant's daughter in driving the car which was involved in the collision. The court charged the jury on the question of negligence that "the common law rule or test of negligence has been adopted in New Jersey, and that negligence is defined as failure of due care in the circumstances—in this case, failure of due care in the operation of a motor vehicle . . . The rule and test of negligence in New Jersey are essentially the same as the rule and test prevailing in Pennsylvania. The court

also charged on the question of contributory negligence of the plaintiff. In the opinion refusing plaintiff's motion for a new trial, the court says that it is convinced that the question of William Haskey's contributory negligence should not have been submitted to the jury as "there was no evidence that he in any way failed to comply with the law and his duty." We do not find this to be sufficient reason for the granting of a new trial. The case was contested on the issue of the agency of defendant's 19-year-old daughter and the verdict of the jury was obviously based solely on its finding that there was no such agency.

As to the question of the agency of Bernice Williams, the 19-year-old driver of defendant's car, the court in refusing a new trial stated the testimony did not warrant the submission of the question of her agency to the jury. It said: ". . . there was no evidence whatever that Bernice on her trip from White Haven to Trenton on the day of the collision was on any mission but her own. She went down for her own purpose, namely, to get her clothes which she had left at college. She had obtained a job and had begun to work in her home town of White Haven. Though she was only nineteen, the use of her father's car with his consent was not enough for the application of the doctrine of respondeat superior. The family use doctrine has not been adopted in Pennsylvania." The court also said: "We have no doubt whatever that Bernice Williams, the minor driver of defendant's car, was guilty of negligence and that, if this had been the only question involved, the jury would have found in favor of the plaintiffs. . . . The crucial question upon which plaintiff's right to recovery depended was the question of Bernice William's agency on her father's business or mission."

The court held that the question of agency was ruled by the decision of the Superior Court in *Kunkle v. Thompson*, 67 Pa. Superior Ct. 37. In that case the defendant's car was being driven by his 19-year-old son.

The defendant, owner, was not in the car at the time of the accident. The action was not brought against the son who operated the car, but the plaintiff sought to charge the absent owner with the consequences of the negligent operation of his car by his son. In that case the Superior Court said, quoting from *Scheel v. Shaw,* 60 Pa. Superior Ct. 73, 76: " 'In the case at bar the journey was taken by the chauffeur, with the permission of the master, on an errand solely for the benefit of the chauffeur. The fact that permission was given would not alter the rule as to the master's liability. The ownership of the car would not make the master liable: Lotz v. Hanlon, 217 Pa. 339. . . . ' "

In charging the jury in this case, the trial judge said: "In order to hold the father liable, you must find by the weight of the credible evidence that his daughter on her trip to New Jersey that day was on the business or mission or purpose of her father. In other words, that she was on that occasion his agent. If she acted for herself and for herself alone in making that trip, independent of her father, so far as representing him was concerned, in a matter in which he exercised no control or authority and on a mission or errand over which he had no concern, the collision was her responsibility and not his, even though she was at the time a minor and to all intents and purposes under his control." Appellants say in their brief: "We feel that there should be a new trial also for the reason that the Court below accepted the facts as produced by the defendant on the subject of agency and excluded the facts submitted by the plaintiff. The plaintiff submitted an admission on the part of Williams that he had constituted his daughter as his agent to do those things which the father was really bound to do as a matter of law." We find no basis for appellant's statement as to William's admission of his daughter's agency.

Appellants contend that the daughter's agency was established by (1) her statements that her father had

given her general instructions that she "should be careful" in the use of the car; that he "had educated her" and that she had not yet had any gainful employment; that the trip had been arranged by the family and that there was a definite understanding that she was to be back by nine o'clock, and by (2) her father's testimony that he was interested in his daughter's welfare and interested in the trip; that he knew the car was safe for her to drive and he saw to it that she had enough money to finance the trip and this money came from him. The jury heard all this evidence and found that there was no agency on the part of the daughter.

We find no reversible error in the charge of the court and no abuse of discretion in the court's refusal to grant a new trial.

The judgment is affirmed.