## RYAN v. ADAM SCHEIDT BREW-ING CO.

### No. 10684.

United States Court of Appeals, Third Circuit.

Argued May 9, 1952.

Decided June 27, 1952.

Rehearing Denied July 18, 1952.

Michael A. Foley, Philadelphia, Pa., for appellant.

Peter P. Liebert, 3d, Philadelphia, Pa., for appellee.

Before GOODRICH, KALODNER and HASTIE, Circuit Judges.

KALODNER, Circuit Judge.

The issue on this appeal is whether there was sufficient evidence of the defendant's negligence to warrant the submission of the case to the jury.

The pertinent facts are as follows:

Defendant corporation engages in the business of brewing, bottling and selling

"Valley Forge Beer" in Norristown, Pennsylvania.[1] The plaintiff, Frank J. Ryan, testified that on the morning of July 25, 1948, he bought six bottles of defendant's beer at a tavern near College Park, Maryland. The bottles were placed in a paper grocery bag, which he put in the back of his car and, accompanied by his son and a woman companion, drove a mile and a half to his home in Riverdale, Maryland. Entering the house, he set the bag down on the kitchen table and opened the refrigerator door. His son then picked up the bag and began handing the bottles to the plaintiff one by one, as the latter placed them in the refrigerator. As the plaintiff took the second or third bottle from his son it exploded in his hand with a loud noise. Both the father and son testified that the noise was like that of a bursting balloon. The room in which the explosion took place measured approximately ten by fourteen feet. The plaintiff testified that the explosion was so violent that fragments of glass "flew all over the room, all over." One of the fragments struck the plaintiff's right hand with such force that it severed his thumb so that it "was practically hanging off."

In addition to the above testimony, the plaintiff offered in evidence a bottle similar to the one that injured him.[2] No evidence was offered in behalf of the defendant.

At the close of the plaintiff's case the defendant moved for a directed verdict. The motion was denied by the District Judge and the cause was submitted to the jury under the following instructions: the members of the jury were charged (1) if they found that the explosion was due to a crack, break or some defect in the bottle itself they must find for the defendant, since the evidence disclosed that the bottle had passed out of the defendant's control prior to the accident;[3] but (2) if they found that the explosion was caused by excessive pressure inside the bottle, they might attribute this to the defendant's negligence.

The jury returned a verdict for the plaintiff in the sum of $7500. The defendant moved to set aside the verdict and for judgment in its favor. The motion was denied by the District Judge. In doing so he stated:

"The violence of the explosion, as indicated by the fact that fragments of glass 'flew all over the room, all over' furnished circumstantial evidence which, if accepted by the jury, was sufficient to support the inference that the pressure inside the bottle was in excess of normal and that the explosion was occasioned by something more than a mere defect in the glass. It would be beyond reason to suggest—and the defendant does not argue—that the cause of such excessive pressure was introduced into the bottle after it left the defendant's plant. On the other hand, the evidence discloses possibilities, one of which is the failure to arrest the process of fermentation by proper pasteurization, that the condition originated during manufacture."

This appeal followed.

Defendant contends that a verdict should have been directed in its favor, since there was not "a single scintilla" of evidence that either its method of manufacture or bottling was improper. We cannot subscribe to this contention.

■ Preliminarily, the question is one to be decided under principles of Pennsylvania law. Because the accident happened in Maryland, the law of that state determines the substantive rights of the parties. However, the issue as to the quantum of proof necessary to take the case to the jury is procedural rather than substantive, and therefore must be decided in accordance with the law of the forum. In the

---

1. The bottles were purchased by defendant from manufacturers.

2. The plaintiff also introduced certain interrogatories and answers relative to the method of manufacture of the beer, and depositions as to the measure of damages, not here revelant.

3. The trial judge pointed out to the jury that there was no evidence that the bottle was defective when it left the defendant's plant.

case of a Federal court sitting in Pennsylvania, the proper reference is to the law of that state. Moran v. Pittsburgh-Des Moines Steel Co., 3 Cir., 1948, 166 F. 2d 908, 917. See also Foley v. Pittsburgh-Des Moines Company, 1949, 363 Pa. 1, 68 A.2d 517; Restatement, Conflict of Laws, § 380(1), § 383 Comment b; Morgan, Choice of Law Governing Proof, 58 Harv. Law Rev. 153 (1944).

Applying Pennsylvania law, we are of the opinion that this case is governed by Dillon v. William S. Scull Co., 1949, 164 Pa. Super. 365, 64 A.2d 525, 526. In the Scull case the plaintiff, a customer in a self-service food market, was injured when a jar of the defendant's coffee exploded as she was lifting it from her marketing carriage onto the checking counter. The defendant produced no evidence. The plaintiff proved only that the jar exploded with a noise like "an automobile back firing", and that the explosion threw out fragments of glass a distance of three feet. The Superior Court held that this was sufficient circumstantial evidence to allow the jury to infer negligence on the part of the producer, stating:

"The evidence * * * sustained a finding that the explosion occurred from a force generated from within the container, and that this force was built up until it was greater than the atmospheric pressure and until it also exceeded the fracture or yield point of the glass container.

"Coffee, being an inert substance, could not of itself cause the pressure and explosion. Therefore something, —something other than coffee, was packed in the contents of the jar. Whatever may have been this adventitious substance, it was placed in the container with the coffee before it left the defendant's plant. It could not have entered the jar after it was vacuum packed, for the evidence showed that the jar of coffee had a normal aspect, which would not have been true had the container been opened. It was the defendant's duty to use reasonable care and by proper inspection to prevent any such matter (which would generate gas and cause an explosion) being in the apparently inert substance which the plaintiff purchased, viz., coffee. The evidence amply demonstrated that the foreign material was in the jar. Defendant offered no explanation nor did it show what means it employed to prevent the happening of the event."

The defendant urges that this case is distinguishable from the Scull case on the ground that what is here involved is a fermented beverage rather than an ordinarily inert substance like coffee. This is a distinction without a difference. Bottles of beer do not normally explode with sufficient force to sever, almost completely, a man's thumb unless there has been some improper treatment of either the bottles or their contents. The plaintiff showed by credible evidence that the bottles were not subjected to any rough handling while in his possession; he showed that they were warm and dry, and there was no evidence of any sudden temperature change at the time of the explosion. Therefore, while it is not the only possible inference to be drawn, it was certainly reasonable for the jury to infer that whatever condition caused the explosion originated while the contents of the bottle were within the defendant's control. It is not necessary for the plaintiff to eliminate every other possible cause of the accident. Saganowich v. Hachkikian, 1944, 348 Pa. 313, 35 A.2d 343.[4]

This is not to say that the doctrine of *res ipsa loquitur* is applicable in cases of this kind. The Pennsylvania Superior Court did not apply it in the Scull case[5]

---

4. While not controlling, there are two Pennsylvania lower court cases which recognize the theory of recovery in assumpsit, for breach of an implied warranty, in exploding bottle cases. Kuntz v. Pepsi-Cola Bottling Co., 1940, 89 Pittsb.Leg.J. 558; McNitt v. Benner, 1950, 75 Pa.Dist. & Co. 265.

5. This was expressly pointed out, 164 Pa. Super. on page 369, 64 A.2d on page 527, of the Court's opinion: "Actually the whole doctrine—*and this is also true of*

and we will go no farther in the instant case. Nor it is necessary; for the trial judge did not charge the jury that there were any presumptions operating in the plaintiff's favor. He merely instructed them that under the evidence presented there was a permissible inference of negligence on the defendant's part. He did not err in submitting the cause under this instruction.

For the reasons stated the judgment of the District Court will be affirmed.

res ipsa loquitur,—is but a rule of evidence * * *." (emphasis supplied). For an analysis of the difference between res ipsa loquitur as applied in Pennsylvania and the permissible inference rule, see Note, The Inference of Negligence in Pennsylvania, 24 Temple L.Q. 453 (1951).