Alvin H. FRANKEL, Administrator ad prosequendum of the Estate of Lynn E. Hoyt, Deceased, Plaintiff,

v.

JOHNS–MANVILLE CORPORATION, Turner Construction Company, Defendants and Third-Party Plaintiffs, The Belmont Iron Works (Ralph Cornell, Inc., Third-Party Defendants).

Civ. A. No. 13992.

United States District Court E. D. Pennsylvania.

Feb. 11, 1955.

Milton M. Borowsky, Freedman, Landy and Lorry, Philadelphia, Pa., for plaintiff.

J. B. H. Carter, Pepper, Bodine, Frick, Scheetz & Hamilton, Philadelphia, Pa., for Johns-Manville Corp.

Walter B. Gibbons, Philadelphia, Pa., for Turner Construction Co.

Thomas Raeburn White, Jr., White, Williams & Scott, Philadelphia, Pa., for Belmont Iron Works.

John J. McDevitt, 3rd, Philadelphia, Pa., for Ralph Cornell, Inc.

KIRKPATRICK, Chief Judge.

(1) Turner's motion for judgment under Rule 50, 28 U.S.C., or for a new trial.

Hoyt, the decedent, was last seen a matter of seconds before his death as he was starting to descend a steel column rising some six to eight feet from the transite roof which broke under his weight. No one actually saw what happened.

The principal ground for these motions is that the circumstantial evidence which the plaintiff offered was insufficient to allow the jury to make the essential finding as to the manner in which the accident happened. The argument is that, so far as the evidence goes, any one of three things might have occurred— Hoyt might have fallen from the beam on which he was seen in a squatting position just beginning to go down the column, he might have jumped from the column or from the beam to the roof, in either of which cases there would have been no liability, or he might have reached the roof and started to walk across it, in which case this defendant would be liable—and that a verdict based upon the third possibility could have been no more than a guess.

It seems to me that the decision of the Supreme Court of Pennsylvania in Straight v. B. F. Goodrich Co., 354 Pa. 391, 47 A.2d 605, and of the Court of Appeals for this Circuit in Williams v. Reading Co., 175 F.2d 32, 34, make it perfectly clear that there was sufficient evidence to support the jury's finding. In the latter case, the Court said "It is not the rule that circumstantial evidence need exclude everything which the ingenuity of counsel may suggest. * * * 'the law (of Pennsylvania) requires only that the evidence as to the operative cause of the accident be enough to satisfy reasonable and well-balanced minds that it was the one on which plaintiff relies.'"

The law of Pennsylvania governs. The question of the quantum of proof necessary to take the case to the jury is procedural and is to be determined by the law of the forum. Ryan v. Adam Scheidt Brewing Co., 3 Cir., 197 F.2d 614. In the present case there are at least two factors that lend support to the plaintiff's theory. Hoyt was a steel worker by profession, thoroughly experienced in climbing about steel construction. Although it is true the presumption of due care cannot be used as evidence of the defendant's negligence, Hoyt's experience and training may be considered upon the question whether he would have been likely to fall or jump rather than climb down the column, as he was starting to do when last seen. Then, the hole through which he fell was not directly at the foot of the column but was some two to three feet away from it and off to one side, indicating some likelihood at least that he had started to walk along the edge of the roof rather than jumped from the column. Besides, jumping out two or three feet from part way down this column was not the same thing as jumping from the rung of a ladder, and the jury could have considered that it was neither an easy nor a natural thing to do. That these are not strong indications I agree, but I think they are enough to satisfy the measure of proof required, and there was nothing to indicate anything unusual or untoward hav-

ing occurred before Hoyt reached the roof.

■ The other reason urged for this motion is that, granted the accident occurred in the way the plaintiff claims it did, there was not sufficient evidence of Turner's negligence to take the case to the jury. I think that the question of negligence was properly submitted to the jury under the rule of Tomao v. A. P. DeSanno & Son, Inc., 3 Cir., 209 F.2d 544. Although the defendant here was not a manufacturer of machinery, there is no reason why the principle of that case should not apply with equal force to the duty of a general contractor to warn workmen who are brought upon the premises of latent limitations in the material used in constructing the building, of which he knows and of which the workmen are ignorant. The evidence showed that Turner was in control of the roof, and the question whether the warning given by it as to the latent weakness of transite, of which it had full knowledge, was adequate was a question for the jury.

The motions are denied.

(2) Plaintiff's motion for a new trial against Johns-Manville. This motion will be denied.

The reasons for denying the plaintiff's motion to amend by adding a cause of action based on Manville's ownership and retention of control over the building operation appear in an oral statement made by the Court after hearing argument (T. 321–324) and after very thorough consideration of the matter.

■ As to the matter of sending out with the jury the booklet marked Exhibit JM4, portions of this booklet had been admitted into evidence. Perhaps it would have been better if the Court had isolated these portions by tearing out the pages on which they appeared or otherwise, but there is really nothing in the rest of the booklet which could have prejudiced the plaintiff's case to any appreciable extent. The text is highly laudatory of the qualities of transite, mentioning its resistance to fire, weather and corrosion, its durability and economy, its structural properties (including a warning against overloading) and its appearance. It also contains specifications and instructions for laying the roof. None of these things were really in dispute. All hands agreed that transite was an excellent roofing material and that it was durable, economical and easy to apply. Both the plaintiff and the defendant also agree that its structural strength had a latent limitation, in that it would not stand heavy weights unless very carefully applied.

The motion is denied.