**Edgar M. HERR, individually and trading as A. L. Herr & Bro., to his own use and to the use of Harleysville Mutual Casualty Company,**

v.

**Victor J. HOLOHAN.**

Civ. No. 7415.

United States District Court
D. Maryland, Civil Division.
June 3, 1955.

W. Edward Plitt, Baltimore, Md., for plaintiff.

Weinberg & Green, Baltimore, Md., by John J. Ghingher, Jr., Baltimore, Md., for defendant.

THOMSEN, Chief Judge.

This non-jury action for property damage arising out of a motor vehicle collision in Pennsylvania bristles with problems in the fields of conflict of laws, agency and torts. The damage to plaintiff's truck was caused by the negligent operation of an automobile by defendant's eighteen year old son, who was killed in the accident, and the question is whether defendant is liable therefor either under the principle *respondeat superior* or on the theory that defendant negligently permitted his son to drive the automobile, which was registered in defendant's name.

In August, 1952, defendant had three children: a son, Terrance, aged 18, and two younger daughters. Terrance had been in the merchant marine for two years, but between ships he lived at home. In August, 1952, he returned from Korean waters, planning to attend a merchant marine school. He had saved $2,000, and stated his intention to buy a car for defendant, who suggested that the car be purchased from his brother, a dealer in Flint, Michigan. The daugters said that they would like to go along for a little vacation, and it was so decided.

Terrance had driven a car in connection with a paper route when he was twelve to fourteen years old, but had never had a license. Four or five days before the Saturday on which the children left for Flint, defendant signed his son's application for a Maryland learner's license "because he was going to purchase a car".

The rest of defendant's testimony is very unsatisfactory, perhaps because defendant does not remember what happened, perhaps because his daughters are suing his son's estate. If, under applicable law, there is a presumption that he, as owner of the automobile, was responsible for the negligence of the driver, I find that the testimony is too vague and unsatisfactory to rebut that presumption; but since, under applicable law, the burden may be on plaintiff to prove the agency of the driver without the benefit of any presumption, I find the following facts:

Defendant authorized his son to go to Michigan and purchase a car from defendant's brother in defendant's name. Defendant called his brother, told him of the impending trip, and asked him to see that the car was titled in defendant's name and "to be sure to cover it with insurance of all kinds, the insurance in my name, the car in my name and everything". Defendant "thinks", but is not positive, and I do not find as a fact, that he told his brother to call him if and when the car was secured, and he would come to Flint and drive everyone home. Defendant testified that he did not think Terrance was a good enough driver to drive so far. Defendant made some plants to go to Flint on the following Friday. Defendant did not tell Terrance not to drive the car home, and did not tell him not to drive the car around Michigan. On the other hand, defendant did not specifically authorize Terrance to drive the car home, or elsewhere.

The evidence of one of the daughters shows that they reached Flint on Sunday and secured the car on Monday or Tuesday; that Terrance drove the girls to Davidson on Tuesday afternoon, and and from there to Detroit, where they spent Tuesday night with relatives before starting home about 9:30 Wednesday morning. Terrance drove all day and all night, without sleep, but with several stops for food. About 7:45 Thursday morning, he was driving toward Baltimore, near Oxford, Pennsylvania, when he suddenly drove onto the left side of the road and ran into plaintiff's tractor trailer, upsetting it, and causing $2,147.98 damage to the vehicle, $120 damage (allowing for depreciation) to the milk cans which it was carrying, and $447.70 loss of milk for which plaintiff was responsible, and requiring plaintiff to hire another truck for 60 days at a total cost of $600.

Since this is a diversity case, in determining all substantive questions involved, a federal court must apply the conflict of laws rules of the state in which it sits. Klaxon Co. v. Stentor Electric Mfg. Co., Inc., 313 U.S. 487, 61 S.Ct. 1020, 85 L.Ed. 1477. However, there are no reported decisions of the Maryland courts directly determining the problems of conflict of laws involved in this case. We must, therefore, look to the general law, particularly as set out in the Restatement of Conflict of Laws.

The general rule clearly calls for application of Pennsylvania law to determine the primary negligence of the son. Restatement, sec. 379; Lachman v. Pennsylvania Greyhound Lines, Inc., 4 Cir. 160 F.2d 496; Ryan v. Adam Scheidt Brewing Co., Inc., 3 Cir., 197 F.2d 614; Accinanto, Ltd., v. Cosmopolitan Shipping Co., Inc., D.C.Md., 100 F. Supp. 826.

The general rule on the question of vicarious liability is set out in the Restatement as follows: "Sec. 387. When a person authorizes another to act for him in any state and the other does so act, whether he is liable for the tort of the other is determined by the law of the place of wrong." See Young v. Masci, 289 U.S. 253, 53 S.Ct. 599, 77 L.Ed. 1158, and Venuto v. Robinson, 3 Cir., 118 F.2d 679. Cf. Haskey v. Williams, 360 Pa. 78, 60 A.2d 32. See also Washington News Co. v. Satti, 169 Md. 489, 182 A. 286, and Security Cement & Lime Co. v. Bowers, 124 Md. 11, 91 A. 834.

The Pennsylvania law therefore controls the question whether defendant may be held liable under the family

automobile doctrine. Restatement, sec. 387, comment d.

■■ However, "the law of the forum governs presumptions and inferences to be drawn from evidence". Restatement, sec. 595(2). In the case of a federal court sitting in Maryland, "the proper reference is to the law of that state". Ryan v. Adam Scheidt Brewing Co., 197 F.2d at page 616. This rule is not in conflict with the decision of the Fourth Circuit in Lachman v. Pennsylvania Greyhound Lines, Inc., 160 F.2d 496. In that case the accident happened in Maryland and the action was brought in a Virginia state court and removed to a federal court in that state on the ground of diversity of citizenship. The Fourth Circuit held that the Maryland *res ipsa loquitur* law applied, because the Virginia state court would have applied it. However, in the case at bar there is no decision in Maryland indicating that a Maryland court would not apply the Maryland rule with respect to presumptions. Such inferences as may be drawn from Maryland decisions indicate that Maryland would follow the Restatement and apply its own rule as to presumptions.

In this case, therefore, under the conflict of laws authorities cited above, this court must apply the Pennsylvania rule with respect to the tests for vicarious liability and the Maryland rule with respect to presumptions and inferences to be drawn from the evidence.

■ The Pennsylvania rule with respect to vicarious liability is that an owner of a private automobile is liable for the tort of the driver if the driver, while operating the car at the time of the accident, is engaged upon the owner's business and for his benefit. Warman v. Craig, 321 Pa. 481, 184 A. 757; Markle v. Perot, 273 Pa. 4, 116 A. 542; Piquet v. Wazelle, 288 Pa. 463, 136 A. 787; Kunkle v. Thompson, 67 Pa.Super. 37. Some cases require that the driver be subject to the owner's control at the time of the accident. Warman v. Craig, 321 Pa. 481, 184 A. 757; Double v. Myers, 305 Pa. 266, 157 A. 610; Read-

shaw v. Montgomery, 313 Pa. 206, 169 A. 135.

■ The Maryland rule with respect to presumptions is that there is a rebuttable presumption that the driver of an automobile is the servant of the owner, engaged on his business. Fowser Fast Freight v. Simmont, 196 Md. 584, 78 A. 2d 178; Pennsylvania R. Co. v. Lord, 159 Md. 518, 519, 151 A. 400; Finney v. Frevel, 183 Md. 355, 37 A.2d 923.

■ I find that the defendant was the owner of the automobile at the time of the accident. Although his son had bought and paid for the car, it had been titled in defendant's name pursuant to instructions given by defendant to his brother, and presumably also to his son. Defendant had also indicated his acceptance of the gift by directing his brother to take out insurance on the car in defendant's name. These facts made defendant the owner under Michigan law. Mich.Stat.Ann.1952, Vol. 8, Title 9, chap. 75(b), sec. 9.1933, Comp.Laws Supp. 1952, § 257.233; Schomberg v. Bayly, 259 Mich. 135, 242 N.W. 866; Kruse v. Carey, 259 Mich. 157, 242 N.W. 873; Endres v. Mara-Rockenbacker Co., 243 Mich. 5, 219 N.W. 719.

■ Therefore, under the authorities set out above, it is only necessary for me to find that the presumption of agency has not been rebutted by the evidence, and I so find.

However, even if the Maryland presumption were not applicable, plaintiff has proved a case which, without benefit of any presumption, meets the tests for vicarious liability set up by the Pennsylvania law.

■ From a reading of all the cases cited by counsel for the respective parties, and many more, it appears that Pennsylvania has neither flatly adopted nor flatly rejected the family purpose doctrine, but has applied the ordinary rules of agency very liberally in favor of the plaintiff in family car cases.

The following statement from Piquet v. Wazelle, 288 Pa. 463, 467, 136 A. 787, 788, is frequently quoted: "If the car,

though acquired for the benefit of the family, is not operated at the time of the accident on behalf of the owner and in furtherance of his business, or that of the family, even though it was permissively used, no liability follows, for it cannot be said that the driver was his servant or agent." Use of the qualifying phrase "or that of the family" might infer an acceptance of the family purpose doctrine. A few Pennsylvania cases seem logically sustainable only on that theory. See e. g. Smith v. Jamison, 89 Pa. Super. 99, where the husband was held liable for negligence of the wife in parking his car after having taken an in-law of the husband, a house guest, to the doctor.

On the other hand, in Lambert v. Polen, 346 Pa. 352, 354, 30 A.2d 115, 116, the court, though quoting the above statement from Piquet, said: "In the absence of evidence that the son was engaged upon appellant's business when operating the car, so as to be subject to his control or right of control at the time of the accident, appellant would be entitled to the entry of judgment in his favor as contended."

▆▆▆ In the case at bar defendant had not directed his son to drive the car home, nor had he directed him not to do so. Under all the circumstances, I find that there was an implied permission to drive the car, in Michigan, and to Baltimore. The son was acting for the benefit of the father in driving the car from Michigan to Baltimore; he was also acting for his own benefit in coming home; and he was acting for the benefit of the family as a whole, including the father, in bringing the daughters home. "Where liability for such act is sought to be imposed on the parent, it must appear the act was committed at a time when the minor was engaged in the furtherance of the parent's business or pleasure, or on and about a matter in which he had an interest." Kunkle v. Thompson, 67 Pa.Super. 37, at page 40. I conclude that, apart from any presumption, the father is liable in this case for the negligence of his son.

Piquet v. Wazelle, 288 Pa. 463, 136 A. 787; Fox v. Cahorowsky, 66 Pa.Super. 221; Raub v. Donn, 254 Pa. 203, 98 A. 861; Mazi v. McAnlis, 365 Pa. 114, 74 A.2d 108; Crouse v. Lubin, 260 Pa. 329, 103 A. 725. Cf. Haskey v. Williams, 360 Pa. 78, 60 A.2d 32; Arndt v. Brockhausen, 126 Pa.Super. 269, 191 A. 362; Mitchell v. Ellmaker, 134 Pa.Super. 583, 4 A.2d 592.

▆▆▆ There is no statutory liability on the defendant in this case. When the son obtained his Maryland learner's license, under which he was operating the car at the time of the accident, defendant signed the application and thereby made himself liable to the same extent as the son for any accident which occurred on the public highways of Maryland. Annotated Code of Maryland, Art. 66½, sec. 92. This statute does not cover any accident outside of Maryland. There is a Pennsylvania statute which makes an owner liable if he permits a child under sixteen years of age to drive his automobile. Title 75, sec. 211, Purdon's Penna.Stats. In this case, however, the driver was eighteen years of age.

▆▆▆ It remains to be considered whether defendant may be held liable on the theory that he himself was negligent. Under Restatement, sec. 377 et seq., Pennsylvania law governs this question.

In Delair v. McAdoo, 324 Pa. 392, 394, 188 A. 181, 182, the court said: "There are numerous precautions which an owner must take to make that instrumentality reasonably safe and appropriate for use on the public highways. If he chooses to intrust the operation of the vehicle to another, he cannot knowingly place it in the hands of an incompetent driver." See also Raub v. Donn, 254 Pa. 203, 98 A. 861. Cf. Rounds v. Phillips, 168 Md. 120, 177 A. 174.

▆▆▆ In view of defendant's testimony that he did not think his son was a good enough driver to bring the car to Baltimore, defendant was negligent in failing to make clear to the son that he should not drive the car home, and in impliedly permitting the son to do so. The

accident was evidently caused by the fact that the boy was foolish enough to drive all day and all night without any sleep.

For each of the foregoing reasons, defendant is liable. Let judgment be entered in favor of the plaintiff for $3,315.68.