## Hollingshead v. Keiffer

*Roy S. F. Angle*, for plaintiffs.

*Daniel W. Long*, for defendants.

DEPUY, P. J., April 19, 1956.—Defendant husband, Ralph C. Keiffer, has moved for judgment on the pleadings with respect to plaintiffs' claim against him, the said Ralph C. Keiffer.

The complaint filed on July 26, 1955, by plaintiffs, Aubrey H. Hollingshead and Anna L. Hollingshead, his wife, against Ralph C. Keiffer and Mildred V. Keiffer, his wife, states in brief that plaintiffs were owners of a certain 1949 Chevrolet automobile which was operated on October 27, 1954, by plaintiff husband, that defendants, husband and wife, were at the same time the owners of a certain 1953 Chevrolet automobile, then being operated by defendant wife, and that due to the negligent operation of defendants' said vehicle the said automobiles collided, causing harm to plaintiffs for which recovery of damages is sought.

Defendants' answer avers that the said 1953 Chevrolet, at the time of the events complained of, was owned solely by husband defendant, Ralph C. Keiffer, and in no way by wife defendant, Mildred V. Keiffer, and denies that husband defendant had any control of,

or liability for, the operation of his said vehicle at the time and place alleged. Defendants also filed a counterclaim to which plaintiffs replied, but the latter two pleadings are not involved in the present motion for judgment.

Husband defendant, Ralph C. Keiffer, then moved for judgment on the pleadings, averring in paragraph 3 of his motion that "the pleadings fail to state a claim upon which relief can be granted to the plaintiffs, or either of them against the defendant, Ralph C. Keiffer," and in paragraph 4 that "the plaintiffs' complaint, together with other pleadings in the case, fails to set forth any cause of action of the plaintiffs, or either of them, against the defendant, Ralph C. Keiffer, and no negligence or other basis for a recovery against the defendant, Ralph C. Keiffer, has been alleged in the pleadings".

The question involved is whether plaintiff has stated a valid cause of action against defendant, Ralph C. Keiffer, in that plaintiff has not averred any negligent conduct on the part of this defendant toward plaintiff but merely has averred that defendant, Ralph C. Keiffer, was the *owner* of the vehicle which allegedly caused the damage and was the *husband* of the operator of the vehicle.

Motion by a defendant for judgment on the pleadings is provided for by Pa. R. C. P. 1034 and according to Pa. R. C. P. 1032, its effect is that of a demurrer to the complaint. See London v. Kingsley, 368 Pa. 109.

Plaintiffs' complaint does not allege in any way that defendant, Ralph C. Keiffer, was either operating the car, was in the car or in any way exercised any control over the operator, or that the operator was an agent or servant of Ralph C. Keiffer. No negligence of any kind is alleged to have been committed by Ralph C. Keiffer. There is no allegation that Ralph C. Keiffer, owner, knowingly permitted a person (his

wife) unqualified to do so, to drive the vehicle. Such a contention was a material factor in support of the holding of the court in Herr v. Holohan, 131 F. Supp. 777 (1955), cited in plaintiffs' brief. At all events, Mrs. Keiffer being allegedly a co-owner, her husband's permission would have been unimportant.

The Pennsylvania court has said that the relation of principal and agent does not arise from the mere fact of marital relationship: Rodgers v. Saxton, 305 Pa. 479 (1931).

However, in Smith v. Jamison, 89 Pa. Superior Ct. 99 (1926), where defendant husband owned the automobile which, preceding the accident, had been parked by the nonowner wife on a hilly street without securely fixing the brakes, and there was evidence that the car had been provided for and used for the joint convenience and pleasure of husband and wife, it was held by the Superior Court not to have been error for the trial court to charge that defendant husband owner could be found liable for any negligence of his wife in leaving the vehcle so parked, and that it was not error to enter judgment against the husband alone upon the verdict. The reasoning of the court employs the language of agency to establish liability.

In Crouse v. Lubin, 260 Pa. 329 (1918), where plaintiff wife had suffered personal injuries when struck by defendant's Packard, operated by a chauffeur, then engaged in returning the car to the garage after having transported defendant's mother, the court affirmed a judgment for plaintiff against defendant owner on the ground that: "Defendant made it an element of her business to provide recreation and pleasure for her mother and was responsible for the car while in use for that purpose. . . . One who keeps an automobile for the benefit of his family is prima facie responsible for its management when in ordinary use for that purpose," citing Moon v. Matthews, 227 Pa.

488 (1910), and Hazzard v. Carstairs, 244 Pa. 122 (1914).

The court also quoted from Berry, Law of Automobiles (second edition), page 735: "The rule is followed in most of the states in which the question has been decided, that one who keeps an automobile for the pleasure and convenience of himself and family, is liable for injuries caused by the negligent operation of the machine while it is being used for the pleasure or convenience of a member of his family."

The significant legal fact to be noted in these cases and all the cases cited by plaintiffs' brief is that the holdings deal not with the minimum averments required in the complaint for pleading a good cause of action, but with the effect of evidence presented at the trial for the purpose of showing that the automobile which inflicted damage upon plaintiff was engaged at the time in promoting the pleasure and convenience of defendant's family or some member thereof.

In none of the cases cited has the question before the court been limited to the present problem, the insufficiency of the pleadings, i.e., the simple issue as to just what plaintiff must allege in his complaint in order to fix liability upon defendant owner, who was not the operator, nor even present, in the events complained of.

In Moon v. Matthews, above cited, the verdict and judgment for plaintiff were affirmed where defendant's automobile, operated by defendant's chauffeur, had been at the time transporting defendant's sister. The court said, ". . . under such circumstances the burden was upon the defendant to show that the chauffeur was not acting within the scope of his employment, and upon the business for which he was employed by his master. The test is, whether the act was done in the prosecution of the business in which the servant was employed to assist". It was held that the evidence

was sufficient to permit the jury to find as they had done, that the chauffeur, beginning with the premise that he was operating a "family machine", was then and there acting upon defendant's business.

In the Hazzard case, a verdict and judgment for plaintiffs were affirmed where defendant's chauffeur, operating defendant's automobile and transporting defendant's daughter and a companion, collided with plaintiff who was operating a motorcycle. Defendant contended that she could not be held responsible under the rule of respondeat superior because the chauffeur was not operating the vehicle upon any errand of defendant but purely at the instruction of defendant's daughter. The court held that: "Under these circumstances, the burden was upon [the defendant] to show that, at the time the chauffeur ran into the plaintiff, he was not acting within the scope of his employment, and upon the business for which he was employed," citing the Moon case. The court further held that it was for the jury to decide whether or not the vehicle was at the time of the collision under the control of a member of defendant's family and was being used for the benefit and pleasure of members of the family and they having found in the affirmative, their verdict for plaintiff would not be disturbed. No question as to the sufficiency of the pleadings was raised or decided in the case.

Nor do the cases which are relied upon in the brief of defendant husband, allegedly coöwner, for the purpose of insulating himself from the allegedly negligent operation by his wife of the jointly owned vehicle, determine the present issue, for the reason that those cases involve the converse situation from that presented by the present pleadings. The question in the cases cited has to do with an effort by the respective defendants to *impute* to a plaintiff who was a spouse owner and was a passenger, or was a nonpassenger

owner, that negligence on the part of the spouse operator of the vehicle, which, if binding upon plaintiff passenger or plaintiff owner, would amount to contributory negligence and would bar any recovery by the latter. Such a case is Toenges v. Schleihauf, 368 Pa. 247 (1951), and cases therein cited, and the case of Rodgers v. Saxton, 305 Pa. 479 (1931).

Because other important factors which may determine liability are involved in the reasoning as to imputation of negligence, it is not felt that these imputation cases where a defendant in a vehicle situation seeks to bar recovery by a plaintiff passenger owner, rule the question presently before the court. The present question is concerned with the sufficiency of plaintiffs' allegations to state a complaint in trespass *against* the defendant owner husband.

Plaintiff relied strongly on Herr v. Holohan, supra, a case in the Federal District Court for Maryland, which was based upon an automobile collision occurring in Pennsylvania. The case purports to hold that the law of Pennsylvania is that "Pennsylvania has neither flatly adopted nor flatly rejected the family purpose doctrine, but has applied the ordinary rules of agency very liberally in favor of the plaintiff in family car cases", and quotes from Piquet v. Wazelle, 288 Pa. 463, 467 (1927): " 'If the car, though acquired for the benefit of the family, is not operated at the time of the accident on behalf of the owner and in furtherance of his business, or that of the family, even though it was permissively used, no liability follows, for it cannot be said that the driver was his servant or agent.' "

Similarly, in Lambert v. Polen, 346 Pa. 352, 354 (1943), the court said: "In the absence of evidence that the son was engaged upon appellant's [defendant's] business when operating the car, so as to be subject to his control or right of control at the time of the acci-

dent, appellant would be entitled to the entry of judgment in his favor as contended." See, also, Kunkle v. Thompson, 67 Pa. Superior Ct. 37.

It is further stated in the Herr v. Holohan case, at page 780:

"The Pennsylvania rule with respect to vicarious liability is that an owner of a private automobile is liable for the tort of the driver if the driver, while operating the car at the time of the accident, is engaged upon the owner's business and for his benefit."

It should be noted that by applying the procedural rule of the forum, Maryland, the Herr case was decided for plaintiff among other grounds, by virtue of a rebuttable presumption existing by Maryland law, that the driver of an automobile is the servant of the owner, engaged on his business. After plaintiff had produced evidence that defendant father was owner of the car, the Maryland rule placed upon defendant the burden of overcoming the presumption of agency and the court held that that burden was not met. Such a rule of presumption is not in effect in Pennsylvania, and we do not undertake to create such a rule by judicial fiat. We hold that agency is, in Pennsylvania, a fact which must be pleaded. It does not arise by inference or implication. This is so even though there may be hardship upon a plaintiff when, as in the present case, all the facts as to the relationship, agency or control, existing at the time of the accident between the co-owner husband and the operator wife may be in the possession of the opposing parties.

The problem presently before the court upon defendant's motion for judgment is not concerned with the evidence which may ultimately be produced at the trial but has to be decided wholly upon the question of the sufficiency of plaintiff's allegations in his complaint which are intended to fix liability upon the non-operator husband coöwner. We do not find under the

decisions any precedent whereby plaintiffs' bald statement of ownership and marital relationship are sufficient to state a right of action against Ralph C. Keiffer. In the absence of the allegation of facts which could create liability on the part of defendant Ralph C. Keiffer, we are bound to grant his motion for judgment on the pleadings. In accord is the Restatement of the Law of Agency, §238.

Now, April 19, 1956, the motion of Ralph C. Keiffer for judgment on the pleadings is hereby granted and judgment is entered for Ralph C. Keiffer, defendant, and against plaintiffs, Aubrey H. Hollingshead and Anna L. Hollingshead, on the complaint and answer.

Now, April 19, 1956, exception granted to plaintiffs.